CASE 51.—ACTION BY W. E. MITCHELL, ADMINISTRATOR OF THE ESTATE OF E. L. MITCHELL AGAINST HUGH BRADY AND OTHERS FOR DAMAGES FOR THE DEATH OF PLAINTIFF'S INTESTATE.— January 23.

# Mitchell v. Brady, &c.

Appeal from Jefferson Circuit Court; Common Pleas Branch (Second Division).

J. C. Dodd, Special Judge.

From the judgment dismissing his petition plaintiff appeals. Affirmed as to the City of Louisville. Reversed as to the other defendants.

1. Municipal Corporations—Defects in Streets—Falling Objects. —Plaintiff's intestate was killed by the falling of an iron water pipe constructed on the side of a building which abutted upon the sidewalk. There was no evidence tending to show notice on the part of the city of the defective and dangerous condition of the pipe. Held, that the city was not liable for damages by reason of the death of plaintiff's intestate.

2. Landlord and Tenant—Condition of Premises—Injuries from Falling Objects.—Where an iron water pipe constructed on the side of a building which abutted upon the sidewalk falls by reason of the fastenings of the pipe getting out of repair and pulling out of the wall, the tenant in possession is liable for the death of a person struck by the pipe while rightfully upon the walk.

3. Same.—Where an iron water pipe constructed on the side of a building which abutted upon the sidewalks falls by reason of the fastenings of the pipe getting out of repair and pulling

·out of the wall the owner of the building is liable for the·
death of a person struck by the pipe while rightfully on the
walk, though the building is leased to another and the tenant
had obligated himself to keep the property in repair.

4. Witnesses—Competency—Testimony by Wife for Husband—
Joint Interest.—Ky. Civil Code, sec. 606, provides that neither
husband or wife, while the marriage exists, shall testify
against the other or concerning any communication between
them during the marriage, nor shall either of them testify
for the other except in certain cases, and except in actions
which might have been brought by or against the wife had
she been unmarried. A husband, as administrator of the son, ·
brought an action for damages for his wrongful death, the
recovery in such a case, if there was one, belonging equally
to the father and mother. Held, that the wife was a com-
petent witness for plaintiff.

WILLIAM FURLONG, attorney for appellant United Laundry
Company.

POINT DISCUSSED AND AUTHORITY CITED.

The landlord having surrendered possession of the leased
premises and having no control over the premises where the
accident occurred, is not liable in damages because of the defect-
ive condition of the premises. This is especially true in the case
where the injured party is a sub-tenant to whom the landlord is
not under contract, and to whom the landlord is under no obliga-
tions. (Franklin v. Tracy, 24 Ky. Law Rep., 1409.)

BENNETT H. YOUNG and MARION W. RIPY, attorneys for
appellant.

The identical questions presented here, so far as we have been
able to ascertain have never been passed on by this court and
we are urging their consideration upon the court because we
feel that appellant is entitled to have a jury decide the issues
in this case.

AUTHORITIES CITED.

Spearman & Redfield on Negligence (5th Ed.) sec. 710; Thomp-
son on Negligence, vol. 1, sec. 1138 and 1144; Franklin v. Tracy,
25 Ky. Law Rep., 1409; Miles v. Tracy, 28 Ky. Law Rep., 621;
Jaggard on Torts, vol. 2, p. 868; Civil Code, sec. 606; Common-
wealth v. Sapp, 90 Ky., 580; Babcock v. Booth, 2 Hill, 181.

OPINION OF THE COURT BY JUDGE HOBSON.

Hugh Brady is the owner of a brick building located on the northeast corner of Sixth and Broadway streets in Louisville. He rented the building to the United Laundry Company, which used part of the lower floor as an office and sublet the remainder of the building to Mrs. Mary Donnelley, who in turn sublet two rooms to W. E. Mitchell, in which he lived with his family. Attached to the building there was a tin down pipe to take the water from the roof. The down pipe extended down the wall of the house on the Sixth street side and about five feet above the sidewalk it entered an iron down spout, the lower end of which rested on a metal gutter which extended across the sidewalk through which the water was conveyed to the sewer. The iron pipe was about five feet long and something like six inches in diameter, half round in shape, the flat side being placed against the side of the house which abuts immediately upon the sidewalk. The iron pipe weighed about 80 pounds. On June 3, 1903, Mitchell's little son three year old, was on the sidewalk in charge of his mother who was near by, when the iron pipe, without warning, fell down, striking the child upon the head and killing him almost instantly. W. E. Mitchell qualified as the administrator of the child, and brought this action to recover for his death against Hugh Brady, the owner of the property, the United Laundry Company, who leased it from him, and the City of Louisville, charging that the iron spout was permitted to become and remain in a dangerous condition, and that this was known, or could have been known to the defendants by ordinary care on their part; that the sidewalk was in a dangerous con-

dition from the iron spout overhanging it without being properly secured, and that this dangerous condition had negligently been allowed to continue for a long time. The defendants filed answers controverting the allegations of the petition, and the case was heard by a jury. At the conclusion of the plaintiff's evidence the court peremptorily instructed the jury to find for the defendants, and, the plaintiff's petition having been dismissed, he appeals.

The proof heard on the trial established without doubt the facts above stated. It also showed that the only fastening securing the iron pipe in position was a wire at the top which was wrapped around a nail on either side; that the wire had become rusted and the mortar had been washed out so that the nail on one side had nothing to hold it and had come out, allowing the pipe to fall and strike the child, who happened to be just then near by on the pavement. In the contract between Brady and the laundry company, the property was leased by him to it for five years and it was obligated to keep the premises in repair and not to permit any part of it to become unsafe or dangerous. There was no evidence tending to show notice on the part of the city of the dangerous condition of the spout, and, as the danger came from the defective condition of the house and not from any defect in the sidewalk, the peremptory instruction as to the city seems to have been proper, but as to the other defendants, a different rule applies. In Shearman & Redfield on Negligence, sec. 347, the rule is thus stated: "It is therefore, the settled doctrine on this subject that, if an abutting owner makes an excavation upon his land adjacent to, or near a highway, and leaves it unprotected, he is liable to a traveler on the highway, who, while using ordinary care, falls into it and is injured. So, if he erects a

building upon or near a street, he is under a legal obligation to take ordinary, reasonable care that it shall not fall into the street and injure persons lawfully there, and a ruinous wall or other structure likely to fall is a nuisance, and, if the structure falls into the street and injures a passer-by after a reasonable time to repair or remove it has elapsed, the owner is liable to the injured person." The same rule is laid down in 1 Thompson on Negligence, sec. 1213, in these words: "If the owner of a house has constructed it in so faulty a manner, or suffered it to get out of repair, so as to endanger persons passing along the street, it becomes a nuisance, and, on familiar grounds, he is liable to any person sustaining special damage thereby." The rule has been applied in many cases, as, for instance, where the defendant erected a lamp over the sidewalk, which was permitted to get out of repair through general decay, but not to the knowledge of the defendant. Tarry v. Ashton, 1 Q. D. Div., 314. The rule was also applied to a swinging sign over the sidewalk blown down in a gale (Salisbury v. Herschenroder, 106 Mass., 458, 8 Am. Rep., 354); to a ladder on a narrow sidewalk set up against a building while the wind was blowing strong (Clarke v. Rhode Island Electric Company, 16 R. I., 463, 17 Atl., 59); to a brick falling from a bad wall (Mauerman v. Siemerts, 71 Mo., 101; Murray v. McShane (Md.) 36 Am. Rep., 367). In the case last cited the plaintiff, while passing by, sat on the sill of the door to tie his shoe, and while sitting there momentarily was struck by the fall of the brick. It was held that he was not a trespasser and might recover. In Weller v. McCormick (N. J. Law) 19 Atl., 1101, 8 L. R. A., 798, the same principal was applied to a tree planted on the owner's ground, and it was held that both the owner and the occu-

pant of the property were responsible| In St. Louis, &c., R. R. Co. v. Hopkins (Ark.) 15 S. W., 610, 12 L. R. A., 189, a large wooden sign fastened to the wall, 15 feet above the sidewalk fell from the blowing of the wind such as might be expected in the regular course of the season, and injured the plaintiff while he was on the sidewalk. The railroad company was held liable. In the note to this case other cases are collected.

From these authorities, both the owner of the property, Brady, and the laundry company who rented from him and had control of it, are prima facie responsible for the injury to the intestate under the proof; that is, the plaintiff made out a prima facie case against them. The owner of a building erected over the sidewalk is not absolved from liability to a person injured by the fall of a part of the building on the sidewalk, by reason of the fact that he has leased the property to another and the tenant has obligated himself to keep the property in repair. Both the tenant and the owner in such a state of case are responsible. It is incumbent upon the owner to keep his premises safe, and he cannot relieve himself of this liability by contract with his tenant. It is entirely immaterial that W. E. Mitchell lived in the building, or that Mrs. Donnelley rented to him a part of the building, with or without the consent of the laundry company. The injury was not received in the building. The fact that Mitchell lived in the building had nothing to do with the injury. The child was lawfully on the sidewalk where it had a right to be without regard to where its father lived.

Mitchell himself was not at home at the time his child was killed. He offered on the trial to introduce as a witness on his behalf his wife, who was with the child at the time. The circuit court declined

to allow her to testify, under section 606, Civil Code. While the administrator is the only plaintiff in the action, the recovery in a case like this belongs to father and mother equally. It has been held that in such actions the distributees of the estate testify for themselves within the meaning of section 606. The wife has an interest in the action and should be allowed to testify for herself. Mannion v. Lambert, 10 Bush, 295; Hopkins v. Faeber, 86 Ky., 223, 9 Ky. Law Rep., 550, 5 S. W., 749. The precise question before us was presented in Board of Internal Improvements v. Moore's Administrator, 23 Ky. Law Rep., 1885, 66 S. W., 417. It was there held that the wife was a competent witness. In that case the court, among other things said: "The husband is acting in a fiducial capacity, and prosecuting the action for the benefit of himself and wife. The wife is a competent witness in this case the same as if she would have been had the action been brought by herself and husband. Her relation to the subject of the controversy is exactly the same as it would have been had some other than her husband qualified as personal representative. From the nature of the case, the interest of the husband and wife cannot be severed in the prosecution and recovery in the action. It cannot be that the Legislature meant to exclude the wife as a competent witness in her own behalf simply because the husband has a joint and equal interest in the recovery. To so hold would do violence to the language and spirit of the section which authorizes a married woman to testify for herself."

We rest our judgment on this ground. There is no limitation in section 606 upon the right of the wife to testify for herself, except that she may not testify against her husband or concerning any com-

munication between them during marriage. There are limitations upon her right to testify for her husband, but where they are jointly interested there is nothing in the section to indicate that each may not testify for himself as any other litigant.

As to the city of Louisville the judgment is affirmed. As to the other appellees the judgment is reversed, and cause remanded for further proceedings consistent herewith.