### Lonnie Lee, et al. v. F. P. Lee, et al.

(Decided June 18, 1926.)

Appeal from Edmonson Circuit Court.

1. Husband and Wife—In suit by owner of one-third of tract for sale of land and accounting, respective wives of litigants need not be made parties.

2. Depositions.—Recitation by notary taking deposition that it was taken on notice to defendant is presumed to be correct, burden being on party excepting to deposition to negative such fact.

3. Evidence.—Notary taking deposition is presumed to have personally attached amended certificate to deposition, in absence of proof in record to contrary.

4. Depositions—Sustaining Exceptions to Deposition 18 Months After Filing With Clerk of Court Not Going to Competency of Witnesses or Testimony Held Error (Civil Code, Section 587, Subsection 1).—Under Civil Code, section 587, subsection 1, sustaining of exceptions filed to deposition 18 months after indorsement by clerk of

court that they were filed in his office not going to competency of witnesses, nor of their testimony, held error.

5. Evidence—Uncontradicted Testimony as to Lost Deed Conveying Property Jointly to Plaintiff, Father, and Stepmother, and defendant's Acquiring of Interest of Latter Grantees, Held Prima Facie Showing Entitling Plaintiff to Sale of Land and Accounting for One-third Interest.—Uncontradicted testimony that deed to land in dispute was executed to plaintiff, father, and stepmother jointly, which was never recorded but lost, and that defendant, plaintiff's stepmother, acquired interest of father and mother and took possession, held to make prima facie case entitling plaintiff to sale of land and accounting for one-third interest therein.

6. Appeal an Error.—Statement by counsel appearing in brief is not part of record and cannot be accepted to impeach deposition.

MILTON CLARK for appellants.

LOGAN & McCOMBS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

The appellants, Lonnie Lee and wife, as plaintiffs below, filed their petition in equity in the Edmonson circuit court against the appellees, F. P. Lee and wife, defendants below, in which it was alleged that plaintiff, Lonnie Lee, was the owner of an undivided one-third interest in a described tract of land in Edmonson county containing 75 acres, and that defendant, F. P. Lee, who was a half-brother of plaintiff, was the owner of the other two-thirds interest, and that he occupied the whole of the tract and had done so for a number of years, during which time he cut and removed much valuable timber and appropriated the proceeds to his individual use. The prayer of the petition was that the land be sold for division, since it was also alleged that it could not be divided without materially impairing the value of each owner's interest, and for an accounting for the amount of timber cut and removed by defendant. It will be perceived that there was no necessity for the respective wives of the parties litigant to be made parties and it was surplusage to do so. The answer of F. P. Lee denied plaintiff's alleged interest in the land, and upon trial after submission the court upon exceptions filed quashed the depositions of Lonnie Lee and wife, and seems to have taken no notice of the deposition of J. J. Lee, the father of both plaintiff and defendant, and dismissed the petition, to reverse which plaintiff prosecutes this appeal.

The exceptions to the depositions of plaintiff, Lonnie Lee, and that of his wife were based upon the express grounds (1), that they were taken without notice to defendant, and (2), because of an insufficient certificate of the officer who took them, and the first question is: Whether the court properly ruled in sustaining them? No evidence was heard to sustain the ground of a failure to give notice and the caption of the notary who took the deposition in the state of Illinois, where plaintiff lived, recites that they were taken on notice. Under such conditions the burden was on defendant, the exceptor, to introduce proof to negative that fact, since the recitation of the officer is presumed to be correct, and it was, therefore, error to sustain that exception. The officer, after the exceptions were filed, made an amended certificate conforming to the requirements of our Civil Code of Practice and it was attached to the depositions before the court passed upon the exceptions thereto, and we are at a loss to account for the ruling of the court in sustaining that exception unless it be, as suggested in brief, that the notary did not in person attach the amended certificate to the deposition. Without passing on the point as to its being the duty of the examiner to personally attach the amended certificate it is sufficient to say that there is no proof in the record from any source (except the unsworn statement in the exceptions) that the officer did not attach the amended certificate, and in the absence of such proof it will be presumed that he did, and the sustaining of the exceptions upon the ground urged in support thereof, can not be approved.

Independently, however, of any of those considerations, subsection 1 of section 587 of our Civil Code says: "No exception, other than to the competency of the witness, or to the relevancy or competency of the testimony, shall be regarded, unless it be filed and noted on the record before the commencement of the trial and before or during the first term of the court after the filing of the deposition." The notes to that section in Carroll's 1919 edition of the Code contain many cases holding that no exception to a deposition, except for competency of the witness or of his testimony, can be considered unless the exceptions were filed and noted of record as therein directed. The depositions to which the exceptions were filed in this case were taken on March 12, 1923, and a notation made by the clerk of the Edmonson circuit court

that they were filed in his office on March 29, 1923. The exceptions were not filed until November 19, 1924, nearly 18 months after they were so endorsed by the clerk of the court. The exceptions did not go to the competency of the witnesses, nor of their testimony, and the court should not have considered them and it was error to sustain them. The judgment, after the exceptions to the depositions were sustained, recites that "There is no evidence at all to support plaintiff's contention and it is, therefore, adjudged that plaintiff's petition be dismissed and that he take nothing thereby," etc.; which was erroneous if the exceptions to the depositions were improperly sustained as we have held; provided the proof contained in the depositions sustained the allegations of the petition, there being no proof taken by defendants.

The substance of the testimony of plaintiff and wife was, that in 1891 or 1892 J. J. Lee, the father of both plaintiff and defendant, contracted to purchase the land in controversy from Ebenezer Davis and wife, Sarah M. Davis, and they executed a deed jointly to J. J. Lee, Mattie J. Lee and plaintiff, Lonnie Lee, conveying to them the tract of land; that the deed was never recorded and was lost and that no copy of it was in existence; that at the time plaintiff, who was then 18 years of age, resided with his father and his stepmother, the alleged vendee, Mattie J. Lee, who was the mother of defendant and is now dead; that the defendant afterwards acquired the interest of his father, J. J. Lee, who is yet living, and also that of Mattie J. Lee, he having purchased the latter's interest from her other children, who inherited it jointly with himself, and that he moved upon and took possession of the land after acquiring those interests. That testimnny was uncontradicted since, as we have said, the defendant neither testified himself nor introduced the testimony of any other witnesses, and at least a *prima facie* case was made entitling plaintiff to recover.

However, there appears in the record the deposition of J. J. Lee and he corroborated the testimony of plaintiffs and gave his reason why he had the deed executed to the three vendees, one of whom was appellant, and which reason it is unnecessary to incorporate in this opinion. That deposition, however, bears no endorsement or notation and counsel for appellant is frank enough to say that after submission it was misplaced, and was not read at the hearing. That statement, how-

ever, appearing only in brief, is not a part of the record and can not be accepted in impeachment thereof, but we mention the fact in fairness to the court and in sustaining his statement in the judgment that there was no evidence to support the petition after plaintiff's depositions were quashed.

It is perfectly manifest that this case has been meagerly prepared for trial. The defendant was misled and no doubt deterred from taking proof because of the erroneous ruling of the court in sustaining the exceptions to plaintiff's deposition, and we think the justice of the case requires that the parties be allowed, upon a return of it to the circuit court, to take additional proof and make further preparation.

Wherefore, the judgment is reversed, with directions to set it aside and to also set aside the order of submission, with leave for each party to take additional proof if they so desire, but if they do not so desire, then to enter judgment as prayed in the petition.