## Hardin et ux. v. Robinson et al.

(Decided May 3, 1932.)

649

E. C. HYDEN for appellants.

O. H. POLLARD and SOUTH STRONG for appellees.

JOHN M. BULL, JR., warning order attorney.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Ellen Robinson and other heirs at law of George and
Elizabeth Jones, deceased, instituted this action against
Enos Hardin and Laura Hardin, his wife, and in their
petition alleged that George and Elizabeth Jones, who
were husband and wife, died intestate and left surviving
as their only heirs at law four children, namely, Sylvia,
Annie, and Sara Jones, who were unmarried and died
without descendants, and Louisa Jones Hardin who has
since died and left surviving a number of children and
heirs at law who are parties to this action. By this peti-
tion it is made to appear that, at the time of their death,
George and Elizabeth Jones owned a large boundary of
land in Breathitt county, including a tract of 75 acres,
more or less, described in the petition. It is further
alleged that in December, 1921, Enos and Laura Hardin,
through fraud and undue influence, procured Sylvia
Jones to execute to them a deed of conveyance to her
interest in the tract of land described in the petition; that
at the time of the conveyance she was over 80 years of
age and did not have mental capacity to manage her
affairs or convey her property; that the conveyance was
without consideration and void. The prayer of the peti-
tion is for the cancellation of the deed, and that plain-
tiffs be adjudged the owners of the land, and that same
be sold and the proceeds distributed to the parties in
interest.

By answer as amended, defendants denied the
material allegations of the petition, and pleaded and
relied on the 15 and 30-year statutes of limitation. They

further pleaded that, after the execution of the deed to them by Sylvia Jones, they, in good faith, believing that they had legal title, made lasting and valuable improvements of at least $1,000 upon this land, and had thereby increased its vendible value by at least $800. They asked that, in the event it should be adjudged that plaintiffs had an interest in the land, defendants should have a lien for the sum of $800.

It was adjudged by the chancellor that so much of the petition as sought cancellation of the deed be dismissed, and that by reason of the deed defendants acquired title to the undivided one-half interest in the land owned by Sylvia Jones at the time of her death, and that Enos Hardin, as an heir at law of Louisa Hardin, was also entitled to an undivided 1/42 interest in the tract. It was further adjudged that the land was susceptible of division without materially impairing its value, and commissioners were appointed to divide same with directions to allot to defendants one-half thereof so as to embrace, if possible, all improvements placed or caused to be placed thereon by Enos Hardin; that they value the land the same as if no improvements had been made by defendant Hardin. It was further directed that the commissioners allot to Enos Hardin his 1/42 interest out of the other one-half of the land adjoining the one-half allotted to him. The judgment provided that, if it be found impossible to so divide the land as to give Enos Hardin all of his improvements, he have a reasonable time, not later than 60 days after the confirmation of the commissioners' report, in which to remove any such improvements located on lands allotted to plaintiffs. From this judgment defendants have appealed, and plaintiffs have prosecuted a cross-appeal.

Counsel for appellants assert that the burden was upon appellees, and that they failed to establish either record title or title by adverse possession. There is evidence that at the time of their deaths, George and Elizabeth Jones owned 300 or 400 acres of land, and that they occupied the tract in controversy. After the death of George Jones, Elizabeth Jones continued to occupy this tract down to the day of her death. Her daughters, Annie and Sara, both deaf-mutes, and her daughter Sylvia lived with her, and after her death continued to occupy the old home. One witness was permitted to state, without objection, that Mr. and Mrs. Jones had patents for

various portions of these lands. A granddaughter of Elizabeth Jones, testified that she lived with her grandmother at the old home place from the time she was a very small child until she was 21 years of age when her grandmother died, and that she thereafter lived with her maiden aunts until she was about 25. There is evidence that Sylvia Jones conveyed portions of the old Jones tract, but in at least one instance all the other heirs joined in the deed. There is also evidence that other heirs made some complaint about these conveyances. George Barnett testified that some disturbance and disagreement arose over sale of the land, and he heard his mother-in-law and her sister, Sylvia, have a controversy in which Mrs. Hardin was threatening to sue for her part of the land. Mr. Hardin was present and told Sylvia that there had been no division of the land, but for her to go on and sell the timber but not to sell the land until there was a division, and that Sylvia said she would not sell any more; but they agreed to live there until they died. After this conversation, part of the Elizabeth Jones land was sold to Alfred Vanetter, but all of the Jones heirs signed the deed.

While the evidence is not as positive and direct as it might be, there is ample evidence to sustain the chancellor's holding that George and Elizabeth Jones owned the land in controversy, and that it passed by inheritance to their four children; that defendants and those under whom they claim did not acquire title thereto by adverse holding.

There is no merit in the contention that the failure to file title papers with the petition is fatal to appellees' cause of action, or that appellants were entitled to judgment upon the pleadings. It appears that after the chancellor had announced his decision of the case both parties filed exceptions to depositions, but the chancellor refused to again review the case or to pass upon the exceptions. Appellants are earnestly insisting that their exceptions should have been sustained. It appears that some depositions to which exceptions were made were not properly certified. Under the provision of section 587 of the Civil Code of Practice, exceptions other than to the competency of witnesses or relevancy or competency of testimony shall be of no avail unless filed and noted on the record before the commencement of the trial or during the first term of court after the filing of the deposi-

tion; but exceptions to competency of witnesses or competency or relevancy of testimony may be made before or during the trial.

It appears that all of the depositions were taken and filed many months before the exceptions were filed, and several terms of court had intervened, so exceptions other than to the competency of the witnesses or the relevancy or competency of the testimony came too late. Lee v. Lee, 215 Ky. 226, 284 S. W. 1052; Ford v. Ford's Exr. 233 Ky. 673, 26 S. W. (2d) 551. All of appellants' exceptions went to the depositions as a whole. A recognized rule in this jurisdiction is that if any part of a deposition is competent, exception to it as a whole should be overruled. Louisville & N. Ry. Co. v. Graves, 78 Ky. 74; Louisville & N. Ry. Co. v. Montgomery, 32 S. W. 738, 17 Ky. Law Rep. 807. So it is apparent that even if exceptions had been seasonably filed they should have been overruled.

It is argued by counsel for appellants that the court erred in refusing to adjudge them a lien for the value of the improvements placed upon the land in controversy. Under section 3728, Ky. Stats., one believing himself to be the owner by reason of a claim in law and equity, the foundation of which is of public record, and who has been evicted, is entitled to recover the value of the improvements. In this instance, appellants were adjudged to own more than half of the tract of land in controversy, and the judgment fully protects them by directing that the land shall be divided as provided by law and without reference to the value of the improvements made by appellants, and that they be allotted that portion upon which the improvements are located.

Appellants make serious objection to the provision in the judgment that, if it is impossible to so divide the land as to include in the portion allotted to them all the improvements, then they shall have a reasonable time in which to remove from the land allotted to others, improvements made by them. It is apparent from the proof that the land may be so divided as to fully protect the right of appellants; but, should the commissioners make such an allotment as will be unjust and inequitable to them, it is within the power of the court to set aside or remand same to the commissioners for correction. Howard v. Long et al., 238 Ky. 822, 38 S. W. (2d) 951.

The general rule is that a person basing his claim on a "public record" or "title of record" must trace his

title back to a patent from the commonwealth, but in this case neither party is in position to question the title of the other since they both claim title from a common source; and, while the patents are not introduced in evidence, there is proof that George and Elizabeth Jones acquired title by patents from the commonwealth.

On cross-appeal it is insisted that, under the circumstances surrounding the conveyance from Sylvia Jones to appellants, the burden was upon them to establish that the conveyance was free from fraud or duress. Without determining whether appellees are correct in their contention, we deem it sufficient to say that if this burden was upon the appellants they successfully met it, and there is no showing of fraud or duress upon their part or want of mental capacity upon the part of Sylvia Jones.

Finding no error in the record that would warrant this court in disturbing the finding of the chancellor, the judgment is affirmed both upon the original and cross-appeal.