## Scott v. Commonwealth.

(Decided Oct. 4, 1932.)

DOWLING & BAIRD for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN

Affirming.

Appellant was indicted for the offense of stealing chickens of more than $2 in value, a felony. On his trial he was found guilty, and his punishment was fixed at one year in the penitentiary. He took an appeal to this court which was dismissed on March 13, 1931, because there was no judgment in the record. It

was then discovered that through an oversight on the part of the clerk of the circuit court the judgment in the case had not been entered on the order book of that court. On this discovery, the judgment was then entered on the order book in conformity with the verdict of the jury, and was signed by the circuit judge who had succeeded in office the circuit judge who had tried this case, but who had later resigned to become a member of this court. The appellant now brings this appeal from this judgment so entered, and, as grounds for reversal, urges, first, that the circuit judge who signed the judgment had no authority to do so, and, secondly, that the verdict of the jury is flagrantly against the evidence. Section 977 of the Statutes provides that any orders of court left unsigned by a circuit judge who for any reason goes out of office may be signed by his successor, such orders so signed to have the same force and effect as though they had been signed by the judge who had made such orders. Under this statute and the cases of Lee v. Lee, 226 Ky. 776, 11 S. W. (2d) 956, and Hoffman v. Shuey, 223 Ky. 70, 2 S. W. (2d) 1049, 58 A. L. R. 842, there is no doubt of the right of the circuit judge who signed the judgment in this case to do so and of the validity of such judgment.

The second contention of the appellant requires a resume of the evidence. The commonwealth proved by Easton Chaney that on the early morning of October 16, 1928, he lost from his barn seven Plymouth Rock hens; by Otis Nunn that early in the morning of October 16th, and before the sun was up, Nunn went over to the house of Chaney to get some matches; that as he passed Chaney's barn he noticed the door was open, and that inside there appeared to be a bulky shadow, apparently that of a man; that on his return, after securing the matches, the door of the barn was shut; by Rural Overfelt that on the early morning of October 16th he saw the defendant on the road between Chaney's residence and Pascal with a bushel basket containing some live objects; by Ellis Overfelt that he worked as a clerk in the store of Lester Bales at Pascal; that on the early morning of October 16th the appellant came into that store with a bushel basket containing seven Plymouth Rock hens, which he claimed to have won in a crap game; that one of the hens was dead, but that he bought the other six hens for $3.85; by Tom Hayes that a day or two prior to the time

Chaney lost his chickens appellant approached him with a proposition that the two steal these chickens. There was some other evidence produced by the commonwealth but of no material value.

Appellant introduced but two witnesses by whom he made a feeble effort to impeach the testimony of Chaney. From this statement, it is perfectly plain that this was a question for the jury. It is true that Chaney never identified the chickens at Bales' store as those which were taken from his barn, but the evidence of Hayes to the effect that the appellant sought his help in the stealing of Chaney's chickens, the evidence of the loss of Chaney's seven Plymouth Rock hens on the morning of October 16th, followed by the evidence of appellant being seen very shortly after on the road from Chaney's home to Pascal with a bushel basket containing live objects, and the evidence that early on that morning he arrived at Bales' store with a bushel basket containing seven Plymouth Rock hens, possession of which he accounted for by the story of having won them in a crap game, certainly would justify a reasoning mind in coming to the conclusion that these were Chaney's chickens which appellant had stolen. No error appearing prejudicial to appellant's substantial rights, the judgment is affirmed.

Judge Richardson, who tried this case in the circuit court, took no part in the decision of this case on appeal.