# Goldberg v. Wunderlich.

(Decided Jan. 31, 1933.)

## (Common Pleas Branch, Fourth Division).

WILLIAM GOLDBERG, for appellant.

CHARLES W. MORRIS and OSCAR LEIBSON, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Charles A. Wunderlich instituted this action in the Jefferson circuit court against Morris Goldberg, Morris Goldberg & Sons, Incorporated, and the city of Louisville, seeking to recover damages sustained in a fall which he alleged was caused by the defective and unsafe condition of cellar doors in the sidewalk in front of a building owned by Morris Goldberg.

A demurrer of the city of Louisville to the petition as later amended having been sustained, and the defendant declining to further plead as to the city, the petition as to it was dismissed.

The separate answers of Morris Goldberg & Sons consisted of a general denial of the allegations of the

petition. In addition to a traverse in the separate answer of Morris Goldberg, a second paragraph pleaded contributory negligence, and in a third paragraph, he pleaded that the cellar doors were on a part of the premises which he had leased to the Edwards Shirt Shop, No. 2, Incorporated, under a written lease containing a provision exempting him from liability for any damage caused by failure to keep the leased premises in repair, and imposing upon the lessee all liability for damage caused by defective conditions of premises, including the cellar door. He alleged that the lessee was a nonresident of the state, and asked for the appointment of a warning order attorney to notify it of the nature of the action. The court sustained a motion to strike the third paragraph from the answer.

The cause, having been submitted to a jury on the issues as completed, resulted in a verdict and judgment against Morris Goldberg in the sum of $543, and he appeals.

Grounds for reversal relied on are: (1) Incompetent evidence admitted over appellant's objections; (2) refusal by the court to admit competent evidence offered by appellant; (3) refusal to give instructions offered by appellant; (4) erroneous instructions given by the court; (5) refusal to peremptorily instruct the jury to find for appellant; (6) that the verdict is excessive; (7) misconduct of a juror.

It is first argued that the court committed error in admitting in evidence a photograph showing the condition of the sidewalk and cellar door a few days after appellee is alleged to have sustained his injuries, and certain evidence relating to the photograph. Even if the court committed error in this particular, appellant is not in position to complain on appeal, since it is not made to appear in the record that objections were made or exceptions saved to the admission of this evidence. Incompetency of evidence admitted without objection. is waived. Lee v. Lee, 226 Ky. 776, 11 S. W. (2d) 956; Cable Piano Co. v. Lewis, 195 Ky. 666, 243 S. W. 924.

It is next urged that the court erred in not permitting appellant to introduce in evidence photographs of the premises. The accident is alleged to have occurred on November 1, 1930, and the photographs in question were taken in the latter part of October, 1931. The

only reference to the pictures is found in the evidence of Nelson Johnson, a witness for appellant. He testified he was manager of the Edwards Shirt Shop. He was shown a picture and asked if he recognized it, and replied, "That is the cellar door. I don't know which one it is." When asked if it looked like that, he answered, "Similar to that, not in that condition." In answer to other questions he testified he never saw the door in that condition. Later in the examination of the witness the following occurred:

"By Mr. Parr: I want to ask the witness further about that picture I want to introduce. I have got the photographer out there.

"By Mr. Morris: It was taken over a year later.

"By Mr. Parr: That does not make any difference.

"By Mr. Morris: Let the court judge about that.

"Objection sustained, to which defendants, by counsel excepted."

The foregoing is all that is shown in the record with reference to any picture offered in evidence by appellant. The picture is not identified, nor is there any evidence that it showed the condition of the sidewalk or cellar doors at the time it was taken or at the time the accident occurred. From the state of the record it is apparent that this contention is without merit.

Appellant offered an instruction in substance directing a finding for appellants if the jury believed from the evidence that the premises described in the petition had been leased by appellant to the Edwards Shirt Shop and the latter assumed control of the leased premises, and at the time the lease was made the cellar door was not defectively constructed or out of repair. It is most earnestly argued that the court erred in refusing to give this instruction. The argument is based on the theory that the lessor is not liable for injuries resulting from defective conditions of the leased premises unless the defect complained of existed at the time the lease was made, and especially so where the lease contained provisions relieving the lessor of liability.

A similar contention was made in the case of Mitchell's Adm'r v. Brady, 124 Ky. 411, 99 S. W. 266, 267, 30 Ky. Law Rep. 258, 13 L. R. A. (N. S.) 751, 124 Am. St. Rep. 408, where a child was killed by the fall of an iron down spout which had been defectively attached to the building or had been permitted to get out of repair. The owner had leased the premises, and the lessee had obligated himself to keep the property in repair. This court, after an extended review of authorities on the question of the liability of the respective parties, said:

"From these authorities, both the owner of the property, Brady, and the laundry company who rented from him and had control of it, are prima facie responsible for the injury to the intestate under the proof; that is, the plaintiff made out a prima facie case against them. The owner of a building erected over the sidewalk is not absolved from liability to a person injured by the fall of a part of the building on the sidewalk, by reason of the fact that he has leased the property to another and the tenant has obligated himself to keep the property in repair. Both the tenant and the owner in such a state of case are responsible. It is incumbent upon the owner to keep his premises safe, and he cannot relieve himself of this liability by contract with his tenant."

That case is conclusive of the question when applied to the circumstances shown by proof in the case here and authorities cited by appellant do not announce a different rule.

Argument is made that the court erred in refusing to give instruction No. 2, offered by appellant, and giving in its stead instruction No. 1. Instruction No. 2, offered by appellant, and No. 1, given by the court, are in effect similar, in so far as they define the duties of appellant and authorize a finding against him if the jury believed from the evidence that he failed in the observance of such duties. It is insisted by counsel that the instruction given by the court is erroneous in that it does not give the converse of the first part of the instruction. The latter part of the instruction given by the court reads:

"But unless you so believe from the evidence, as is set forth in Instruction No. 4, then the law is for

the defendant, Morris Goldberg, and you will so find.''

But the one offered by appellant in giving the converse of the first portion of the instruction practically repeats it in the negative. The instruction as given by the court is less confusing and as fairly presents appellant's theory as does the offered instruction. Instructions of like character have so often been approved by this court as to exclude any question as to its propriety.

In argument that the court erred in not peremptorily instructing the jury to find for appellant, it is asserted that the owner of property is only required to exercise ordinary care and prudence, and is not insurer of the safety of pedestrians, and that a slight depression of an inch or so does not constitute a dangerous condition or indicate negligence. There is authority supporting the contention that a depression of about an inch in a sidewalk or street does not constitute such a dangerous condition as would sustain an action for negligence. The evidence shows that the sheet iron doors in question originally were flush with the street, but the lower one had warped or sagged so as to leave an opening that would admit the toe of a shoe.

Appellee testified that while walking along the street looking into a show window he caught his toe in this opening and was thrown violently to the street, sustaining injuries to his hand. There is evidence that the doors had been in this condition for some time prior to the accident, and that the condition had been called to the attention of appellant prior to the time appellee sustained his injury. It is therefore apparent that this is not an ordinary depression as referred to in cases cited by appellant, but is more in the nature of a dangerous trap, and one that might reasonably be expected to cause accidents similar to that complained of. There is no escape from the conclusion that the evidence made an issue to be submitted to the jury.

In addition to what has already been said about appellee's injury, it is shown that his hand was wrenched and sprained and in such a condition that it could not be placed in a cast for some days; that for weeks after the injury he suffered intense pain; and that at the time of the trial he continued to suffer pain from the injuries. He expended about $40 for medi-

cine and medical attention. In the light of the evidence of appellee and his attending physician as to the nature of the injuries sustained and the suffering he endured as a result thereof, we are constrained to hold that the verdict is not excessive.

Finally it is insisted that appellant was prejudiced by the irregularities and improper conduct of a juror. One man called for jury service had a fire insurance agency and had written a fire policy for appellant or for the corporation with which he was associated, and, when asked the usual questions as to his qualifications as a juror, he stated that fact to the court. This was not misconduct, and no reference was made to indemnity insurance. It is manifest that appellant was in no way prejudiced by this statement of the juror.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.