## ARNETT v. DALTON.

Court of Appeals of Kentucky.
May 1, 1953.

O. J. Cockrell, Jackson, for appellant.

J. Douglas Graham, Campton, for appellee.

STEWART, Justice.

Letcher Dalton instituted this action to recover damages for personal injuries suffered by him when his automobile collided with one owned by Joe Miller but which was driven by Olan (Dock) Arnett. Miller and Arnett were joined as defendants in the lower court. At the conclusion of the evidence for plaintiff the court directed a verdict, for Miller. Dalton recovered a judgment against Arnett for $5,000.

Arnett has appealed from this judgment, urging the following grounds for reversal: (1) The verdict of the jury is against the evidence; (2) the lower court permitted incompetent evidence to be introduced; (3) plaintiff's counsel made improper and prejudicial statements in his argument to the jury; and (4) the court erred in overruling defendant's motion for a continuance.

The accident precipitating this litigation occurred January 24, 1950, at approximately 6:30 p. m., in Wolfe County, on Kentucky Highway 15 between Campton and Jackson, while Arnett, accompanied by his wife, Lennie, and driving a 1947 Chevrolet, was going west toward Campton. Dalton, traveling alone in a 1937 Ford and proceeding toward Jackson, was coming from the opposite direction on this highway on the same occasion. The two cars ran together head-on when they met on the crest of a gradual rise in the highway. All who were

involved in the accident received serious and painful injuries.

Dalton testified he was driving on his side of the highway just before the accident and, as he came up the rise, he saw for the first time the car driven by Arnett when it was 40 or 50 yards away, approaching him "very fast." He believed this car was on his side of the road. He said: "I thought that he was going to run into the ditch on my side of the road." He stated he pulled over to his right as far as he could and slowed down to 5 or 6 miles per hour. Continuing, he said: "I seen I couldn't dodge him on the right side and I started to the left side of the road and when I cut my car he hit me." According to his testimony, he was about 3 feet from the center line on his side of the road when his car was struck. The impact rendered him unconscious.

Arnett and his wife gave a very meager description of the accident. Each testified that Arnett was operating his car on his side of the highway at a rate of speed of from 30 to 35 miles per hour when the two cars collided. They stated that the other car was very near them before they realized it so that Arnett could do nothing more than apply his brakes. They were knocked unconscious and they did not regain their senses until they were in the hospital.

█ In the case at bar Arnett and his wife, on the one hand, and Dalton, on the other, testified as the only eyewitnesses and their evidence is in conflict. Moreover, proof of a secondary character introduced by Arnett contradicts that produced by Dalton. The case was properly submitted to the jury because an issue of fact was raised, and the evidence amply supports the verdict.

Each side introduced a number of witnesses who went to the site of the accident following its occurrence. Much stress is placed by both appellant and appellee upon the evidence of some of these witnesses which disclosed the position of each car immediately after the collision, it being argued that this character of proof tended to locate the point of impact of the two cars on the highway. We believe it is difficult, generally speaking, to determine from the position of the respective vehicles after an accident the fault or lack of fault of the driver of each vehicle. Freakish effects often result from the impact of moving cars.

Complaint is made because three of Dalton's witnesses were permitted to testify relative to tracks, skid marks, piles of dirt, oil spots and measurements made on the highway at the scene of the collision. It was not shown how soon after the accident these persons reached the place where it occurred or that the condition of the highway had remained the same during the interval between the wreck and their arrival. Moreover, the cars had been moved before these three witnesses reached the site of the wreck and much traffic had passed over the highway. It was also dark and many people were present, milling around.

The first of these witnesses, R. M. Childers, a justice of the peace, was asked if he noticed any tracks or dirt on the road. His answer was not responsive to this specific question, but, over Arnett's objection and exception, the court allowed him to make this statement: "Well, from the sign of the dirt that came from under the cars it showed that they had hit more on the right of the road going toward Jackson." This statement placed the occurrence of the accident on Dalton's side of the road. Thus, the magistrate from his observation of an accumulation of dirt on the highway, which in his opinion indicated the point of impact of the two cars but which could have dropped from the cars when they were moved after the wreck, concluded and was permitted to tell the jury in effect that Arnett's negligence was the proximate cause of the accident.

█ It is the general rule that a witness should confine his testimony to facts within his knowledge and that he should not be allowed to express an opinion. Evidence as to tracks or other marks made by motor vehicles on a roadway are ordinarily admissible where the witness has had an opportunity to become acquainted with the tracks or marks before any change has taken place. But a proper foundation for the introduction of such evidence should

first be laid by showing how soon after the accident the witness observed the markings, the conditions under which they were made, his opportunity for accurate observation, and any other factors explanatory of the tracks or marks. 5, Am.Jur., Automobiles, Sec. 633, p. 852. This witness offered no explanation in regard to how he came by the information he testified to. More than that, he injected into a close case a highly prejudicial assumption of fact, and the court committed a reversible error in admitting this evidence. See Girtman's Adm'r v. Akins, 275 Ky. 2, 120 S.W.2d 660, and Appalachian Stave Co. v. Pickard, 266 Ky. 565, 99 S.W.2d 472.

Dalton's next witness, G. C. Byrd, the sheriff of Wolfe County, was allowed to testify as to certain measurements. He did not state that he himself made the measurements; in fact, we are left completely in the dark as to how he obtained the estimates he testified to. Obviously, the court should not have allowed this evidence to have been introduced under the circumstances. We might also add that we have read the testimony of this witness several times and we have come up with no clear picture with respect to the point he attempted to convey. Courtney Dalton, the third witness under attack, merely testified in substance that he investigated the position of the respective cars after they were moved, and we believe this evidence was competent, although it does not appear to be very helpful in pointing up who is to blame for the accident. Aside from all this, however, Arnett failed to object to this last witness' testimony at the time it was given and of course he cannot raise a question on this score for the first time in this Court. Goldberg v. Wunderlich, 248 Ky. 798, 59 S.W.2d 1018.

It is also insisted that this language used by counsel for Dalton in arguing the case before the jury was reversibly prejudicial: "This man was out here drunk at the time of this accident, go out there and make your verdict and let it be a lesson to other drunk drivers." Arnett at the time objected to this remark, but the court ruled that the statement was proper,

and Arnett reserved an exception. A. C. Elkins, in testifying for Dalton, stated he could smell alcohol on Arnett's breath. Arnett admitted he had had a drink earlier in the day, and five cans of beer were found in the car he was driving. Yet, there was no witness who testified he was drunk. A counsel is allowed great latitude in commenting upon the evidence and in drawing reasonable deductions therefrom, but we do not think the proof in this case warranted the conclusion that Arnett was drunk at the time of the accident.

In view of the fact that we are reversing the judgment and remanding the case for a new trial, it becomes unnecessary to consider the last ground.

Wherefore, the judgment is reversed for consistent proceedings.