TEXAS CO. v. SOWERS et al.

Court of Appeals of Kentucky.

June 5, 1953.

John E. Shepard, Covington, for appellant.

Odis W. Bertelsman, Newport, for appellees.

SIMS, Chief Justice.

This appeal is prosecuted from a judgment appellees, Orville Sowers and wife, Virginia, recovered against the Texas Company for $1,500 damages alleged to have

been done appellees' property by the Company's negligence in permitting gasoline to escape from its filling station and run upon and· saturate the lot of appellees. Two grounds are relied upon for reversal: 1. The premises were occupied by Lyle W. Pitts, the Company's lessee, at the time the gasoline leaked and ran on the premises of appellees, and Pitts and not the Company is liable for any resulting damages and a verdict should have been directed for the Company; 2. The court erroneously instructed on permanent damages and the verdict was returned under this instruction.

The Company owned a lot at the corner of Ft. Thomas and Garrison Avenues in Ft. Thomas, and appellees owned their home which adjoins the Company's property on Garrison Avenue, but on lower ground. The Company started constructing a filling station on its lot in the spring of 1949, and on May 1 of that year it leased the station to Pitts, who took possession on June 28. The lease contained a provision that the lessee was to keep the premises and equipment in good repair during the term of the lease. On June 30, the underground tanks were filled with gasoline. Evidently, these underground tanks, pipes and pump connections began to leak soon after Pitts started operating the station, because by the middle of July he discovered a shortage in his gasoline. He notified the company a time or two and finally in September 1949, it paid Pitts $153.47 to reimburse him for some 800 gallons which had leaked from the underground tanks before the Company found the leaks and repaired them. On November 30, 1949, the Company and Pitts mutually terminated their lease contract.

Sometime prior to November 19, 1949, appellees began to smell gas in their home. They·called the gas company, thinking the fumes came from their furnace. The gas company found the fumes came from gasoline, were explosive and dense enough to burn down the house. The fire department was then called to the home of appellees. After discussing the situation with the firemen, appellees moved from their home about November 19, and remained away until early in 1950. It is evident that gasoline leaked from the underground tanks on the Company's property and saturated the earth around and under appellees' home. The Company's maintenance man dug a hole or trench along the foundation of appellees' house, which excavation would fill with gasoline and water from time to time. Finally, by February 21, 1950, there was no more evidence of gasoline in this excavation.

Under the facts presented in this record the Company is not entitled to a directed verdict. A landlord who puts a tenant in possession of premises which the landlord knows, or by the exercise of reasonable care should have known, were in such condition as to involve an unreasonable risk of injury to the property of others outside the land, is subject to the same liability as though he had remained in possession, notwithstanding a covenant in the lease which required the tenant to keep the property in repair. 52 C.J.S., Landlord and Tenant, § 432, pp. 109, 110; Restatement of the Law of Torts, § 837, pp. 293 et seq.; Mitchell's Adm'r v. Brady, 124 Ky. 411, 99 S.W. 266, 267, 30 Ky.Law.Rep. 258, 13 L.R.A.,N.S., 751, 124 Am.St.Rep. 408; Goldberg v. Wunderlich, 248 Ky. 798, 59 S.W. 2d 1018.

The cases cited by the Company such as Indian Refining Co. v. Berry, 226 Ky. 123, 10 S.W.2d 630, to the effect that a carefully constructed and well-managed gasoline station is not a nuisance per se, are not in point. Nor are such cases in point as Clary v. Hayes, 300 Ky. 853, 190 S.W.2d 657, which deal with a landlord's liability for injury on the leased premises to invitees of the tenant; nor are such cases in point as Cobb v. Gulf Refining Co., 284 Ky. 523, 145 S.W.2d 96, where the lease provided the lessor was not liable to the lessee for any negligence in installing the tanks and fixtures in a filling station.

There is merit in the Company's contention that any damages appellees might have suffered are temporary and not permanent. While Mr. Sowers testified that gasoline fumes evaporate slowly from clay soil (the character of soil which surrounded his home), yet he did not say such fumes would permanently remain in the

earth; and it is common knowledge that gasoline is highly volatile and fumes therefrom will remain in the ground only temporarily. The recognized rule is that if the nuisance is temporary and capable of correction at reasonable cost, the measure of damages where the property is occupied by the owner is the diminution in the value of the use of the property during the continuance of the nuisance; and if the property is not occupied by the owner, the measure of damages is the depreciation in the rental value of the property during the continuance of the nuisance. Price Bros. v. City of Dawson Springs, 190 Ky. 349, 227 S.W. 470; City of Hazard v. Eversole, 280 Ky. 621, 133 S.W.2d 906; City of Frankfort v. Ballew, 287 Ky. 141, 151 S.W.2d 1063.

It is obvious that the court erred when it gave an instruction allowing the jury to return a verdict for permanent injury to appellees' home, which the jury in this instance did. On another trial, should the evidence be practically the same, the court will instruct on the measure of damages substantially as follows: "If the jury find for plaintiffs, you will award them such a sum in damages as you may believe from the evidence will reasonably compensate them for the diminution, if any, in the value of the use of their property during the continuance of the nuisance, not to exceed $1000, the amount for which plaintiffs sued." No instruction will be given on permanent damages since the evidence shows none.

The judgment is reversed for proceedings consistent with this opinion.