·CASE 68—ACTION BY GREENWICH INSURANCE CO. AGAINST THE L. &
N. R. R. CO. AND THE FRANK FEHR BREWING CO. TO RECOVER DAM-
AGE FOR LOSS BY FIRE—FEB. 4.

# Greenwich Insurance Co. v. L. & N. R. R. Co.

APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

RAILROADS—LICENSE TO CONSTRUCT BUILDING ON RIGHT OF WAY—CON-
DITION AGAINST LIABILITY FOR LOSS BY FIRE—INSURANCE—MIS-
TAKE AS TO TITLE.

Held: 1. Where a railroad company grants permission to another
to construct a building on its right of way on condition that it
shall not be liable for loss by fire from its locomotives, the con-
dition is valid, and neither the owner of the building nor an
insurance company which has paid the loss can recover of the
railroad company for the loss of the building by fire unless
there was wanton or willful negligence on the part of its ser-
vants.

2. One who was permitted by a railroad company to construct a
building on its right of way upon condition that the company
should not be liable for loss by fire had, notwithstanding that
condition, an insurable interest in the property, and an insur-
ance company from which he procured insurance thereon, hav-
ing paid the loss, can not recover the money paid on the ground
that it was paid in ignorance of the terms of the lease and under
a mistake of fact, there being no allegation that the mistake was
mutual.

.LAFE S. PENCE, FOR APPELLANT.

On July 13, 1899, at noon the plaintiff Greenwich Ins. Co.
insured for Frank Fehr Brewing Co. in the sum of $300 on a
one-story frame cold storage building. About a half hour af-
ter the insurance was placed on this building, the petition al-
leges, that the L. & N. R. R. Co. with gross negligence did
operate and run its locomotive engine in an exceedingly dry
time, while same was improperly equipped, and out of order
and repair, so that live sparks were emitted or thrown from its
locomotive, and ·set fire: First, to Shuch's warehouse, fifty·
two feet away and said flames were shifted by the wind there
.from and caught and ignited said cold storage building and de·

stroyed same, and plaintiff was thereby compelled to pay and
did pay the Frank Fehr Brewing Company said $300 insur-
ance, and plaintiff claims that by subrogation it is entitled to
recover said sum with interest and costs from the said L., & N.
R. R. Co.

The brewing company was made a nominal defendant, but no
judgment for damages was claimed against it, in the original pe-
tition.

The railroad company filed answer to plaintiff's petition tra-
versing the allegations thereof as to its negligence and in a
second paragraph filed a *"release"* given to it by the said Frank
Fehr Brewing Co. This release was in the nature of a per-
mit or indulgence to the L. & N. R. R. Co that if it desired
to throw out or emit fire, off its right of way fifty-two feet,
by defective machinery or negligent operation of engine, or did
any wrongful act of using defective machinery and by reason
thereof fire is thrown out fifty-two feet outside and off its right of
way, and initially, commence out *there*, a destructive agency and
by force of the elements is shifted or wafted back, then this re-
lease will exempt gross negligence.

On May 16, plaintiff, seeing that the court was going to up-
hold this release, filed an amended petition against Frank Fehr
Brewing Co., and on this amended petition process was execut-
ed January 14, 1901, the original process having been executed
March 27, 1900 on said company.    On January 30, 1901, the
brewing company got the service on the amended petition quash-
ed, but the original service was not quashed (March 27, 1900)
and on February 21, 1901, judgment was entered dismissing
plaintiff's petition and the plaintiff has appealed and claims:

1. That the lower court erred in upholding, as valid, said re-
lease, and,

2. In dismissing plaintiff's petition.

### CITATIONS.

91 Maryland, 515; 60 Fed. Rep., 39; 175 U. S., 86; 50 Law
Rep. annotated p. 828; Peckham v. German Fire Ins. Co.; Ky.
Constitution, sec. 242; Kentucky Statutes, 782; 19 Ky. Law Rep.,
977; 19 Ky. Law Rep., 1318; 22 Ky. Law Rep., 303.

JOHN McCHORD FOR FRANK FEHR BREWING COMPANY.

The appellee, Brewing Co., owned a cold storage building built
on the right of way of the L. & N. R. R. Co. in Lebanon,
Ky., on which it took out a policy with appellant in the sum
of $300.    The building burned and appellant paid the brew-

ing company the amount of the policy. Afterwards, the appellant on March 27, 1900, brought its action against the L. & N. R. R. Co., alleging, in substance the burning was caused by the gross negligence of the railroad company and asking to be substituted to all the rights of the brewing company, and praying judgment against the railroad company for the sum paid the brewing company. The brewing company was made a party defendant and summons issued on the petition and was returned by the sheriff with the following indorsement, "Executed on the L. & N. R. R. Co. and the Frank Fehr Brewing Co., by delivering a true copy of the within summons to Frank Harris and Maurice Doody, their agents respectively, this, March 27, 1900. J. M. Cooper, S. M. C."

No judgment was asked in the original petition against the brewing company. The railroad company by its answer interposed as a defence a written contract with the brewing company, whereby it released the railroad company from any liability on account of fire in consideration of the permission to construct its buildings on the railroad right of way.

Thereupon, on May, 16, 1900, plaintiff filed an amended petition, claiming, for the first time, judgment against the brewing company, and upon that amendment summons was issued and returned endorsed as follows: Executed by delivering a true copy of the within summons to Maurice Doody, Jr., agent in Marion county, for the within named Frank Fehr Brewing Co., January, 14, 1901. J. M. Cooper, S. M. C.

On January 31, 1901, the brewing company moved to quash the return on the summons which was sustained. The ground of that motion was that the petition did not disclose the fact that the brewing company was a corporation.

On February 4, 1901, appellant filed a second amended petition alleging specifically that the brewing company was a corporation having an agent in Marion county and that the contract was made in Marion county. Summons on this second amended petition was awarded by the court, but never issued or served. On February 21, 1901, the appellee railroad company, filed a demurrer to the reply and amended reply of appellant which was sustained, and, electing to stand on its pleadings, the petition was dismissed, and the plaintiff has appealed.

It being solely a question between appellant and the L. & N. R. R. Co., the brewing company did not file a demurrer to the reply of appellant. There was no judgment for costs in favor of the brewing company. It was and is still waiting for service on the second amended petition.

Greenwich Insurance Co. v. L. & N. R. R. Co., &c..

W. C. McCHORD and EDWARD W. HINES, attorneys for appel-lee, L. & N. R. R. Co.

The principal cause of controversy in this case comes up on the ruling of the court on the demurrer to the second para-graph of defendant's answer by which the contract made by and between the brewing company and the railroad company, under which the brewing company is allowed to construct its house on the railroad.right of way, or depot premises, and near the railroad track, in consideration that the brewing company would exonerate and not hold the railroad company liable for damages caused by fire from its locomotives. It was contended in the court below that this contract was in contravention of section 96 of the Constitution, that no carrier shall be allowed to contract for its relief from its common law liability, and the elementary prin-ciple that a carrier can not make a contract to protect it against its own negligence, and that of its servants and agents, and that therefore the contract was against public policy, and the validity of this contract is thus presented for the consideration of this court.

The authorities all agree that a contract is not void as against public policy unless it is injustice to the public interest, or con-travenes some established interest of society.

### AUTHORITIES CITED.

139 U. S., 235, St. Louis — Ry. Co. v. Commercial Ins. Co.; 53 N. W., 295, Griswold v. Illinois Central Ry. Co.; 70 Fed. Rep., 201, Hartford Ins. Co. v. Chicago, &c. Ry. Co.; (s. c. 30 L. R. A., 118 and 178 U. S., L. Ed., 86), 29 L. R. A., 751 (Col.) Stephens v. Southern Pac. Ry. Co.; 29 L. R. A., 7555, King v. Southern Pac. Ry. Co. (Cal.).

Opinion of the court by JUDGE O'REAR—Affirming.

The New South Brewing & Ice Company was granted the privilege by appellee, the Louisville & Nashville Railroad Company, to build a cold storage house upon the latter's right of way near Lebanon Station. Among the conditions of the lease was the following: "And whereas, such use of the right of way or the lands of said railway company is solely at the instance of said brewing and ice company, and for its accommodation, and without charge on the part of said railroad company, and whereas, said railroad com-

pany would not give its permission or consent to the erection or use aforesaid on its said right of way or lands except upon the express condition: "That, in consideration of the premises, said railroad company, its officers, and agents, or other companies operating its railroad, be released and held harmless from, and indemnified against, all claims or demands of said New South Brewing & Ice Company or others on account of any injury or loss whatever to said house or its contents, by reason of fire from locomotives, or from any cause whatsoever." This contract was subsequently assigned by the consent of the railroad company to the Frank Fehr Brewing Company, who assumed it subject to the conditions above quoted. By the negligence of appellee railroad company's employes, a fire is alleged to have occurred, caused by the sparks from its locomotives. The fire originated in a building not on appellee's right of way, and owned by another not a party to the above contract nor to this suit. The cold storage house was burned in the same conflagration. It had been previously insured by appellant, who paid the owner for the loss, and brought this action against the railroad company, claiming it was entitled by subrogation to recover as the lessee, the owner of the cold storage house, would have been. This last statement we accept as true. The question is whether, under the contract above quoted, appellee railroad company was exempt from damages to the building in question by reason of fire caused by its negligence. The circuit court held that it was.

It is argued for appellant, that the railroad company can not contract against the consequences of its own negligence, as to do so is not only against public policy, but prohibited by section 196 of the Constitution, which in part provides, "No common carrier shall be permitted to contract

for relief from its common law liabilities." The court is of opinion that appellee railroad company is not liable for the destruction or damage to the building under the contract quoted, except for willful or wanton negligence of its servants. For mere carelessness, however gross, short of wantonness or willfulness, it will not be liable. It is a matter of common knowledge, and from the language employed in this case we may assume was known to the parties herein, that by the aid of the best contrivances so far known and in use it is impossible to altogether prevent fire caused by sparks and cinders from locomotives. Of course the nearer the railroad track a combustible object may be the greater is the danger to which it is subjected from this source. Railroad operators are held liable for damages to the public occasioned by their negligence in failing to provide suitable spark arresters for their locomotives in so far as they reasonably can be had. The company is under no obligation as a common carrier to the public or any member of the public to permit them to erect on its right of way any sort of structure, and if one should erect such building on the company's right of way the company would owe no duty to its owner, save to refrain from willfully or wantonly destroying it. The doctrine upon which the law and the section of the Constitution above relied upon are based, prohibiting common carriers from contracting against their own negligence by their servants, is, as suggested, that to do so is against public policy. They can operate their trains only by the employment of servants. To permit employers to contract with their servants that they will not be liable for their negligence, by which an inducement would be offered for carelessness towards the lives of so many people, could not be and is not supported in the law. Common carriers are required to transport passengers

and freight, the former with the utmost, the latter with ordinary, care looking to their safety. So passengers are compelled frequently to travel by railroad or not at all, and freight is required to be shipped by that means or not at all. The common carriers, by the conditions under which they exist, and to some extent by operation of the law, have the practical monopoly of this business. They are not upon an equal footing with their customers in the matter of making such contracts, as where they undertake to secure in advance indemnity against the result of their own negligence. Such contracts are clearly against the public policy. But in the case at bar no such necessity exists to the owner of the building that he should erect it upon the company's right of way, nor is the company compelled under any state of case to permit him to do so. It is under no obligation to extend its liabilities. It certainly could not be expected to voluntarily do so. Therefore the parties, when they come to contract with reference to the location of such a building, are dealing with reference to the location of such a building, are dealing at arm's length, and upon an equal footing. The railroad company can well say, "While we are unwilling to assume any additional risks, we are willing to suffer you for your own convenience to build this house upon our right of way within the zone of recognized and peculiar danger from fires; but it must be understood that if you accept the privileges of this grant, you alone must bear its burdens and casualties." It is not so much that the railroad company contracts against its own negligence as that the brewing company agrees to alone bear all risks from fire. It receives a consideration for doing so. We can not see that the public are in any wise affected by such a contract, nor can they be. Hartford Fire Ins. Co. v. Chicago, M. & St.

P. R. Co., 17 C. C. A. 62; 70 Fed., 201; 20 L. R. A., 193; Id., 175 U. S. 91; 20 Sup. Ct., 33; 44 L. Ed., 84; Griswold v. Railroad Co. (Iowa), 53 N. W., 295; Stephens v. Southern Pac. Co. (Cal.), 41 Pac., 783; 29 L. R. A., 751; 50 Am. St. Rep., 17; King v. Same (Cal.), 41 Pac., 786; 29 L. R. A., 755.

Plaintiff also joined the Frank Fehr Brewing Company as a defendant, and by an amended petition claimed that defendant had misrepresented its title to the plaintiff, and that plaintiff had paid the insurance under a mistake of fact; that it did not know that the brewing company had executed a lease with the railroad company by which the brewing company assumed the dangers incident to the extraordinary risk of fire from the near exposure of the building to the passing locomotives. It appears that the brewing company had an insurable interest in the property, and it is not alleged that the mistake was mutual. We are of opinion that the demurrer to the petition should have been sustained.

The judgment dismissing the case as to both of the defendants is affirmed; the whole court sitting.

Modification of opinion by Judge O'Rear:

The brewing company entered a special appearance to the petition for the purpose of moving to quash the summons. This motion was sustained, and a new summons was ordered to be issued. The trial court did not have the brewing company before it, and no judgment has been rendered, or can be rendered, on this branch of the case, and so no opinion is expressed thereon.