[No. 25037. Department Two. December 17, 1934.]

WILSONIAN INVESTMENT COMPANY, *Appellant,* v. HELEN E. SWOPE, *Respondent.*[1]

*John W. Heal, Jr.,* and *Poe, Falknor, Falknor & Emory,* for appellant.

*Charles A. Wallace, Grosscup & Morrow,* and *John Ambler,* for respondent.

GERAGHTY, J.—The appellant, owner of the Wilsonian apartment hotel, in Seattle, by written lease let to

[1]Reported in 38 P. (2d) 399.

the respondent the dining room facilities of the hotel, including kitchen and equipment, with other space with which we are not here concerned. The leased premises contained a refrigerating plant, but the lease specifically provided that this plant should be operated by the appellant and reasonable refrigerating service supplied to the lessee. By the terms of the lease, it was stipulated that the lessee would

" . . . not interfere, or with her knowledge permit others in and about the demised premises to in any manner interfere, with the refrigeration and heat, or the appliances for applying the same to said premises during the terms of this lease. . . . Lessee agrees that she will not, or knowingly permit any others to interfere with the control valves of the system of refrigeration in any manner."

The effect of the lease was that, while the refrigerating plant was physically within the leased premises, control of it and of its operation was retained by the lessor.

After the execution of the lease, and while respondent was in possession of the premises, a screw plug with which the refrigerating machine was equipped blew out, releasing ammonia gas which filled the kitchen and bakery. Lena Highland, an employee of the respondent, entered the bakery for the purpose of rescuing another employee, and in doing so was herself almost overcome by the ammonia fumes. She escaped through a window leading onto a marquee over the entrance to the restaurant. The glass roof of this marquee gave way under her weight, and she fell to the sidewalk, suffering injuries for which she brought action against the appellant. The trial of the cause in the lower court resulted in a judgment in favor of the Highlands, which was subsequently

affirmed in this court. *Highland v. Wilsonian Investment Co.*, 171 Wash. 34, 17 P. (2d) 631.

The present action was brought by appellant to recover from respondent the amount paid to satisfy that judgment, together with sums paid as attorney's fees and incidental costs. By notice and opportunity to defend, given in the *Highland* case, of which she did not avail herself, respondent is concluded upon any questions which are incident to the right to recover in that case. Upon settlement of the pleadings, the respondent moved for judgment upon them. The motion was granted, and judgment of dismissal entered, from which this appeal is taken.

The appellant bases its right to recover upon the following provision contained in the lease:

"Lessor shall not be liable for any damages to persons or property due to the occupied premises aforesaid, or any part thereof, or by reason of the same or the appurtenances thereto becoming out of repair, or to the bursting or leaking of water pipes, gas, steam pipes, or refrigerator pipes or of leakage of water through sidewalk or roof."

It is the appellant's contention that this clause not only exempted it from liability for any personal or property damage to respondent, but that it is also to be construed as an agreement to indemnify against any damage suffered by third persons. The respondent contends that the clause amounts to no more than a release of any claim for damage suffered by herself, as lessee of the premises; but that, if the clause is to be construed as one of indemnity, it should not be held to cover damage to third persons resulting from appellant's own negligence in permitting the refrigerating plant to become out of repair.

As we have seen, while the refrigerating plant was in the leased premises, its control and operation were reserved by the appellant, and the respondent

stipulated that she would not interfere with it in any way. If respondent had assumed the operation of the plant, it would have been a reasonable and natural thing for appellant to seek to protect itself by requiring indemnity for any liability it might sustain to third persons by reason of respondent's operation. But with the control of the plant and its operation reserved to the appellant, an obligation to indemnify it against claims of third persons resulting from its own negligence would not be reasonable or natural. The lessee could assume such liability, but the intention to do so would have to be clearly and definitely expressed. There are no specific words of indemnity, nor is there any thought expressed which would suggest that the lessee is to indemnify the lessor for the latter's own negligence resulting in damage to other parties.

It is a recognized principle in the construction of leases to give effect to the intention of the parties; and in arriving at the intention, it is proper and often necessary to consider all the terms and conditions of the instrument. This we have done here, and after such consideration, it seems to us that the clause relied upon by the lessor amounts to no more than the waiver by the lessee of any claim for damages resulting from the refrigerating plant in the respects mentioned in the lease.

As we have arrived at this conclusion wholly upon the ascertainment of the intention of the parties from reading the instrument itself, nothing can be accomplished by a discussion of the cases relied upon by appellant, because these cases deal more particularly with contracts that clearly express a purpose to indemnify, or involve actions brought by lessees to recover for the landlord's negligence.

Having reached the conclusion that the lease involved here contains no provision imposing an obliga-

tion to indemnify the landlord against the claims of third persons, the judgment must be affirmed.

BEALS, C. J., TOLMAN, HOLCOMB, and BLAKE, JJ., concur.