## SINCLAIR REFINING CO. v. BEAIRD.

### No. 5018.

Court of Civil Appeals of Texas. Amarillo.

May 1, 1939.

Rehearing Denied May 29, 1939.

West & Stanford, of Canton, for appellant.

Preston Calvert, of Grand Saline, for appellee.

STOKES, Justice.

This case originated in the county court of Van Zandt County under the following circumstances: On the 13th of May, 1936, appellee, H. P. Beaird, leased from appellant, Sinclair Refining Company, a corporation, a portion of a lot located in Grand Saline, to be operated by appellee as a gasoline service station. The premises were equipped with pumps, tanks and a small building sufficiently equipped for the purpose, and the contract contained special provisions under which appellant was obligated to sell and deliver to appellee at prices agreed upon and in wholesale amounts gasoline of various tests and qualities from time to time and appellee was to sell the same and receive certain stipulated discounts as his profits upon such sales. The premises were equipped with underground storage tanks into which the gasoline was deposited from service wagons when delivered by appellant and from which appellee pumped the same and delivered it to his retail customers. During the first week after appellee took charge of the premises under the contract, he discovered that he was incurring a loss which evidently was through leakage of the gasoline from the underground tanks. He immediately notified appellant's agents and requested them to repair the tanks and stop the constant loss to which he was being subjected. The repairs were not made for several months although appellee, at frequent intervals, notified appellant's agents of the defect and requested them to give attention to the matter. Finally, after some seven or more months the agents of appellant responded to appellee's repeated requests, made excavations down to the storage tanks, and found the valves to be in a bad state of repair which admitted considerable leakage each time gasoline was pumped through them. The record shows that appellee kept an accurate account of the gasoline delivered to him and placed in the underground tanks and also an accurate account of the amount pumped out by him. These accounts showed a total loss of some twenty-four hundred gallons of gasoline during the period between the date upon which appellee took charge of the filling station and the time appellant's agents repaired the underground tanks.

Appellee filed this suit to recover the value of the gasoline which he alleged was

lost through leakage from the underground tanks which he alleged to be $332.31.

Appellant answered by general demurrer and general denial and specially pleaded the provisions of the lease contract under which it contends it was not liable to appellee for the loss of the gasoline, even though it was lost in the manner alleged by him. The provision of the contract upon which appellant relies is as follows: "The borrower, for itself, its heirs, executors, administrators, successors and assigns, hereby releases, relinquishes and discharges, and agrees to indemnify, protect and save harmless Sinclair, its successors and assigns, of and from any and all claims, demands and liability for any loss, damage, injury or other casualty to property (whether it be that of the borrower or of Sinclair or of third persons), and to persons (whether they be third persons, the borrower, or employees of either the borrower or Sinclair), by reason of any leakage, fire or explosion of or from any said equipment or materials, or of any gasoline, oils, or other products in or about or contained in the same, or by reason of any defect in the construction or installation of said equipment or materials, or by reason of the use or operation of said equipment or materials, or by reason of the placing, erection, falling, or dislocation of said equipment or materials, or by reason of any other casualty, whether due to the negligence of Sinclair, or otherwise."

A jury was empaneled to try the case and after hearing the evidence the court withdrew the case from the jury and entered judgment for appellee for the full amount claimed by him.

Appellant duly excepted to the judgment, gave notice of appeal, and duly perfected an appeal to the Court of Civil Appeals of the Fifth Supreme Judicial District. The case having been transferred to this court by an order of the Supreme Court, it is now before us for review.

Appellant excepted to the action of the court in withdrawing the case from the jury and rendering judgment against it, and it brings forward an assignment of error in which such action of the court is challenged, but states in its brief that the matter is of no importance and, in effect, waives the assignment of error. It will, therefore, not be necessary for us further to notice its assignments in that respect.

The sole question remaining is whether or not appellant was protected and released from the consequences of the faulty condition of the valves in the underground storage tank and pumps. The provision of the contract upon which it relies and which we have quoted, when analyzed, is to the effect that the borrower releases Sinclair from damages, loss and injury or "other casualty" to property or persons, including the borrower, by reason of leakage, fire, explosion of or from the material or equipment, or gasoline, or by reason of any defect in construction or installation of the equipment or the use or operation thereof or by reason of placing, erecting or falling of the equipment or by reason of "any other casualty", whether due to negligence of Sinclair or otherwise. Appellant contends that by virtue of this provision of the contract, appellee released it in advance from any damages, injury or loss of the nature for which appellee here sues. We do not agree with appellant in this contention. Our construction of the provision of the contract is that it refers to casualties that may result to property or persons, including appellee, from leakage, fire, explosions or other casualties by reason of explosions and the like, or of any defect in the construction or installation of the equipment. The record shows the equipment was installed before appellee took charge of it under the contract. Immediately after taking possession, he ascertained that gasoline was being lost in some manner which he concluded was through leakage. It afterwards developed his conclusion was correct and that the leakage was due to a faulty condition of the valves which evidently was the result of use made of them prior to the time appellee took possession and began using them. This was in no sense a casualty. Bennett v. Howard, 175 Ky. 797, 195 S.W. 117, L.R.A.1917E, 1075; Webb v. Baldwin, 165 Mo.App. 240, 147 S.W. 849. It did not come within any of those things stipulated or contemplated by the provision invoked by appellant. It was clearly appellant's duty to make the repairs immediately after it was first notified of the faulty condition of the equipment and, in our opinion, the provision of the contract had no reference to the particular condition which brought about the injury and loss.

Appellant assigns error of the court in rendering judgment upon testi-

mony which was mere conjecture of appellee. The trial judge filed findings of fact and conclusions of law in which a statement concerning the record kept by appellee warranted appellant in the assertions made in this contention; but the record contains a supplemental finding by the court which was agreed to by appellant in which the court finds that appellee kept an accurate record and calculation of all gasoline delivered to him and placed in the underground tanks and also of all gasoline pumped out by him. Appellant concedes in its brief that if such a record were kept, the conclusion as to the amount of the loss is a mere matter of calculation. We find no merit in this contention.

Being of the opinion that no error is shown, the judgment of the court below will be affirmed.