# Cobb v. Gulf Refining Co., Inc.

Nov. 22, 1940.

W. J. Baxter, Judge.

John S. Deering for appellant.

Graddy Cary, William H. Abell, Cary & Abell and Robert L. Bronaugh for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellant, plaintiff below, owned a tract of land near Nicholasville upon which is situated a frame building used at the times involved as a residence, restaurant and roadhouse. On November 23, 1936, appellant leased a part of the premises to appellee, and on the same day it leased the property to Cobb for the purpose of operating a gasoline station. Thereafter, April 6, 1937, the company leased to Cobb certain equipment, including underground tanks and a pump, which were installed on the property by the company.

On May 5, 1938, appellant filed petition setting up the above facts, and in which he charged that on the property, and near the installed tanks, he had a well which afforded his family, the restaurant and for other commercial uses, a bountiful supply of wholesome water. He charged that the tanks and pipes were so negligently and carelessly constructed that gasoline escaped, percolated the soil and accumulated in the well, so that the

water was rendered unfit for human consumption, domestic or mechanical use.

For this alleged damage, which he says was caused without negligence on his part, he asked $1,000, and in addition the sum of $1,500 for the loss of gasoline.

The company denied the material allegations of the plaintiff's petition, and in a second paragraph plead and relied upon "Clause Fourth" of the equipment contract, which provided:

"Said party of the second part shall indemnify and save harmless the party of the first part of and from any and all liability for loss, damage, injury or other casualty to persons or property caused or occasioned by any leakage, fire or explosion of petroleum by-products stored in, or dispensed from said equipment, or in any way growing out of or resulting from the installation and operation of said equipment, whether the same results from negligence or otherwise."

A similar clause was incorporated in the November, 1936, lease agreement, and in the equipment agreement it was provided that Cobb "should at his own expense keep the equipment in good condition and repair so long as he shall use it."

The court, insofar as the record shows, did not rule on appellee's demurrer or motion to require specifications, but later appellant "in compliance with orders of the court" (which we fail to note) amended his petition, alleging that the installation of the outfit was done solely by the company, and he took no part therein, and knew nothing pertaining to the installation, also estimating the amount of gasoline alleged to have been lost by escape. Cobb in reply to answer controverted only paragraph 3, which charged contributory negligence.

Counsel for appellant, in the major portion of his brief, discusses the effect of failure to reply, perhaps because the court mentioned the same in overruling motion for a new trial. However, as we read appellee's brief, it is admitted that the failure to reply should not prejudice appellant's rights, "providing he can show the alleged damage was due to the company's negligence." This takes the procedural question out of argument.

Upon trial appellant introduced much testimony going to the fact that some time in May, 1937, the water in the well became so impregnated with gasoline that it was unfit for use; the amount of damages occasioned by the loss of gasoline, and use of the water, both of which apparently ceased after certain repairs were made in September. There was some unsatisfactory evidence on the matter of installation, which to our mind failed to develop other than a mere circumstance tending to show faulty construction. We shall not go further into the proof, since the court was of the belief that the exemption clause relied on by appellee was valid and binding on the parties.

At the close of the evidence adduced by appellant, the court sustained appellee's motion for, and the jury returned, a favorable verdict. In overruling motion for a new trial the order recites: "The court being of opinion that the defense set out in paragraph 2 of defendant's answer is a good defense to this cause of action, and the same not having been plead to," motion is overruled.

Since appellee does not insist on the failure to plead, there is left for our consideration the question as to whether or not the "exemption from liability" clause of the lease agreement is valid and binding as between the parties. And in considering the question we shall do so solely from the viewpoint that it involves no rights of third or intervening parties, but only property rights and liabilities as between the two parties directly interested in the subject matter.

Appellant in brief relies on a single Kentucky decision, and some from other jurisdictions, none of which we think are applicable to the point in controversy, or if having bearing they may be distinguished from at least two cases from our own court, and several from other jurisdictions. It is true that in French v. Gardners & F. Market Co., 275 Ky. 660, 122 S. W. (2d) 487, we used the broad expression: "One cannot by contract avoid liability for tort or common-law negligence." A casual glance at the opinion will demonstrate that it is neither conclusive nor persuasive here, since the plaintiff there was a third party suing joint tort feasors for an injury caused by their negligence.

The case of Jankele et al. v. Texas Co., 88 Utah

325, 54 P. (2d) 425, 426, is cited by appellant as conclusive. This case involved a claim for damages by reason of loss of gasoline through a leaking connection or line. The Texas Company relied upon a contract somewhat similar to the one here. The suit there, as here, charged negligent installation. The alleged contract provided that lessee should keep the equipment in good order and repair, and exonerated the company from liability arising from the "existence or use of said equipment."

The court construed the contract, and found that it did not pretend to relieve defendant from damages occasioned by the negligent or improper installment. Perhaps that is why appellees here inserted in their exempting clause, "or in any way growing out of or resulting from the installation and operation of said equipment." The court said obiter: "It is very doubtful that defendant could relieve itself by contract from its own negligence," citing R. C. L. p. 132, and adding: "There are certain exceptions to this rule, but those exceptions we need not be concerned with here."

The court cited and differentiated Burnett v. Texas Co., 204 N. C. 460, 168 S. E. 496, 497 (cited by appellant), and said the court was there dealing with a case where the equipment became defective after turning it over to lessee, and not with the matter of improper installation.

As we read the Burnett case, the defendant set up its contract in bar of a claim by plaintiff for installing or selling defective pumps. The exonerating clause was similar to the one here, except that it did not use the word "installation." The court held the plea in bar good, saying: "The language referred to is broad and comprehensive, and clearly imports a release from claims arising from the *existence* of the equipment."

In Andrews v. National Oil Co., 204 N. C. 268, 168 S. E. 228, a gasoline leak case, it does not appear to have involved a contract such as the one here. The cause was laid on verbal assurances of the good condition of tanks, charged to have been knowingly, falsely and fraudulently made. The only question was as to whether or not misrepresentation had been properly pleaded. Nor does Sinclair Refining Co. v. Beaird, Tex. Civ. App., 128 S. W. (2d) 833, a case involving damages for loss of gasoline through a leaking connection, installed by appellant

and leased to appellee, apply. The court construed the contract which used the words "any other casualty," to be limited to "casualties" occurring by reason of leakage, fire or explosions, or "other casualties" by reason of defects or improper installation. But the controlling point in the case was the failure of the company to make repairs immediately after being notified, which the court found to have been a duty of the appellant. The suit here is not based on failure to repair following notice.

The issue here arises under a contract which is admitted in proof and relied on in pleadings by both parties. The general applicable rule is stated in Williston on Contracts, Vol. 6, Section 1751-c. After citing certain conditions which might make an otherwise valid contract invalid, where party relationship existed, it is said:

"Though the relationship of landlord and tenant is such that its incidents have been regulated by statute to some extent, it is clear that apart from statute a landlord may at common law exempt himself from liability for negligence."

The section referred to does not deal specifically with the effect of exempting contracts. In Restatement of the Law of Contracts we find this rule:

"A bargain for exemption from liability for the consequence of negligence in falling greatly below the standard established by law for the protection of others against unreasonable risk of harm, is legal." Section 574.

Section 575, same work, suggests the following exceptions, and to which we might add, where the alleged negligence be wanton, willful or contrary to public policy:

"(1) Contracts for exemption from liability for a willful breach of a statutory duty; (2) contracts between master and servant relating to negligent injury of the servant in the course of his employment; and (3) contracts where one of the parties (such as a railroad) is charged with a duty of public service, and the bargain relates to negligence in the performance of its duty to the public.'

After laying down the precautionary suggestion

that contracts exempting from liability for negligence are not favored and should be strictly construed against the party placing reliance on them, and setting out the exceptional cases, particularly where against public policy, and which makes it clear that such contracts are void, and which we fully recognize, C. J. S., Contracts, Vol. 17, Section 262, p. 644, says:

"On the other hand, it has been said that the broad public policy of freedom of contract controls in determining the validity of contracts exempting from liability for negligence; so not all such contracts are held to be against public policy, and it is said that one may contract for such exemption except where prohibited."

In dealing with the clause of the contract presented, we find that it does not contravene public policy, and we are to be understood as dealing with it as not coming within any of the exceptions we have mentioned or as suggested by text writers and courts of various jurisdictions, and at least to make it plain that we are discussing the situation wherein the relationship of landlord and tenant, or lessor and lessee, both sui juris, are solely concerned, and dealing freely, and at arm's length.

Counsel for appellee places reliance on our domestic case of Greenwich Insurance Co. v. Louisville & N. R. R. Co. et al., 112 Ky. 598, 66 S. W. 411, 67 S. W. 16, 23 Ky. Law Rep. 2014, 56 L. R. A. 477, 99 Am. St. Rep. 313, wherein the railroad company had leased a portion of its right of way to a brewing company to construct and maintain a storage plant. One of the conditions of the lease was that the lessor should not be liable for loss by fire occasioned by its own locomotives. The storehouse was burned, as was alleged, by the negligent operation of lessor's locomotive. The building was insured by appellant who paid the owner for the loss, and instituted suit against the railroad company, claiming that by right of subrogation it was entitled to recover as the lessee, the owner of the building, would have been.

The sole question was whether or not the exemption contract was valid, it being urged that it was not only contrary to public policy, but in violation of Section 196 of our Constitution, which provides that "no common

carrier shall be permitted to contract for relief from its common law liability," which it may be observed is the only instance in which our Constitution prohibits contracting against common law liabilities. The court found no difficulty in demonstrating that the constitutional provision had no application, and had as little difficulty in finding that the contract was not against public policy, or was void, since the parties to the contract were dealing at arm's length and upon equal footing, and there was no claim of wanton or gross negligence. The principles laid down in the cited case were announced by the Supreme Court of the United States in Hartford Fire Ins. Co. v. Chicago, M. & St. P. R. R. Co., 175 U. S. 91, 20 S. Ct. 33, 44 L. Ed. 84, cited in Cacey v. Virginian R. Co., 4 Cir., 85 F. (2d) 976, 978, and the Kentucky case was cited with approval in Westrek v. Chicago, M. & St. P. R., 8 Cir., 2 F. (2d) 227, which held that a similar contract was valid, it not being shown that there was either wanton or willful negligence, and in Gorman Coal Co. v. Louisville & N. R. R. Co., 213 Ky. 551, 281 S. W. 487.

In Weirick v. Hamm Realty Co., 179 Minn. 25, 228 N. W. 175, the Realty Company rented certain portions of its office buildings to Weirick. The lease provided that the lessor should not be liable for any accidental damage to persons or property caused by lessors employees or any cause whatsoever. Weirick was injured by the negligent act of the company's employe, and sought recovery. The company plead its exemption contract which the court upheld.

Without further quoting from authorities, we may cite as applicable here, perhaps as much, or more so than our domestic cases cited, the following: Kirshenbaum v. Advertising Co., 258 N. Y. 489, 180 N. E. 245, 84 A. L. R. 645; Cannon v. Bresch, 307 Pa. 31, 160 A. 595; Wilsonian Inv. Co. v. Swope, 180 Wash. 35, 38 P. (2d) 399; Hirsch v. Radt, 228 N. Y. 100, 126 N. E. 653; Lerner v. Heicklen, 89 Pa. Super. 234.

We are of the opinion that the court properly held that the contract of exemption was a valid defense, and therefore correctly sustained the motion for a peremptory.

Judgment affirmed.