## MAGNOLIA PETROLEUM CO. v. HELDT.
### No. 6559.

Court of Civil Appeals of Texas. Texarkana.

Jan. 11, 1951.

Carney, Carney & Mays, Atlanta, Wallace Hawkins, Earl A. Brown and Chas. B. Wallace, Dallas, for appellant.

Vincent Ferrell, Linden, for appellee.

WILLIAMS, Justice.

Magnolia Petroleum Company, a private corporation organized under the laws of Texas, appeals from a decree which overruled its plea of privilege to be sued in Dallas County, the county of its residence. Appellee J. B. Heldt, plaintiff below, a resident of Cass County, rested upon the provisions of Sec. 23 of art. 1995, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 1995, subd. 23, as asserted in his controverting plea to maintain his suit for damages in Cass County.

In March, 1948, a visible gasoline pump used by plaintiff to dispense gasoline at his service station in Linden, Cass County, Texas, was replaced with an electric computer gasoline pump. Under evidence offered by plaintiff, this electric pump was so defective in its operations that it measured only 3/5 gallon on its readings for every gallon of gasoline that he dispensed through it to his customers, to plaintiff's damages in the sum of $1,084 by the time in November, 1948, when plaintiff first discovered the alleged defective condition of the pump.

It was plaintiff's testimony that under a written contract that he had with appellant, the latter was to furnish him the pump and other necessary equipment used by him in the operation of his service station in his retail sale exclusively of Magnolia oil products; that appellant violated its legal duty and obligation to furnish him equipment in sound working con-

dition, and such breach resulted in the damages sued for.

Appellant concedes for the purpose of this appeal only, that the computer pump was defective and that plaintiff sustained damages in Cass County because of such defect. The points presented on which litigants have joined issue raise the sole question in this appeal, whether or not plaintiff proved a cause of action in his favor against appellant, a required essential element under the provisions of Sec. 23, supra.

The terms of the written contract, identified by plaintiff as descriptive of the relationship that existed between them at all pertinent times here involved, after reciting the names of the contracting parties and describing the equipment furnished, states that "for the better * * * handling of such (Magnolia) products, customer desires that company furnish" the named equipment. Then follows a preamble which reads: "Now, therefore, for and in consideration of the covenants and agreements hereinafter contained, and the sum of $1 to it paid by customer, the receipt of which is hereby acknowledged, company does hereby lease to customer said equipment, for the purposes set forth.

"First: The equipment is to be used in handling only Magnolia oil products."

"Second: Customer agrees to * * * maintain the same at his own cost in good condition and repair, and shall pay and discharge any and all * * * taxes and other charges that may be assessed for the installation and maintenance thereof."

"Fourth: Customer shall protect and indemnify company against any and all liability for loss, damage, injury or liability of any nature to customer or to any person or property resulting directly or indirectly from the use of said equipment or location on said premises, * * * whether such loss, damage, injury or other liability arises from negligence, or otherwise, and whether due to imperfection of said equipment or any part of them, whether latent or patent, or to any fault in the installation thereof, or caused from leak-

age, fire or explosion, or any cause whatsoever * * *."

"Fifth: The company will use its best efforts to see that all storage and dispensing equipment furnished by it is correctly gauged to its rated capacity, but assumes no responsibility, therefor. Customer must assure himself that all underground storage tanks, gasoline pumps, kerosene measures and containers, lubricating oil and grease outfits and any other containers or receptacles used in the receipt or delivery of company products hereunder, are kept free of leaks and are correctly gauged and rated. Company will not be responsible for, nor make any adjustments on account of stock losses sustained from leakage or from any inaccuracy or incorrectness of any such measures or equipment."

It is to be observed from the quoted exculpatory provisions of the written loan agreement, styled by plaintiff as the equipment agreement, plaintiff agreed to protect and indemnify appellant against negligence from latent and patent defects, and particularly pertinent here, that "company will not be responsible for, nor make any adjustments on account of stock losses sustained from leakage or from any inaccuracy or incorrectness of any such measures or equipment." In the face of such exculpatory provisions, plaintiff did not prove a cause of action against appellant. The burden of proof rested upon plaintiff to prove his alleged cause of action in order to maintain venue in Cass County under exception 23 of art. 1995, supra. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95; East Texas Motor Freight Line v. Jackson, Tex.Civ.App., 216 S.W.2d 686; Wood Motor Co. v. Hawkins, Tex.Civ. App., 226 S.W.2d 487; Golasinki v. Warren Refrigerator Co., Tex.Civ.App., 226 S.W.2d 220, 222; 67 C.J. 95.

Our courts have sustained the validity of such exculpatory provisions in contracts of the particular nature as here presented. Eastern States P. Co. v. Port Terminal R. Ass'n, Tex.Civ.App., 161 S.W.2d 539. "Contracts between filling-

station operators and oil companies by which the latter agree to deliver and install the equipment necessary for the operation of the filling stations usually contain a clause by which the station operator agrees to hold the company harmless in case of injuries or damages resulting from the operation of the equipment. Such indemnity clauses have been held to protect the company against liability resulting from its own negligence where negligence was either expressly referred to or where the terms of the clause were so broad as to clearly include negligence; (175 A.L.R. 153)." See also Sinclair Refg. Co. v. Reid, 60 Ga.App. 119, 3 S.E.2d 121, 124; Burnett v. Tex. Co., 204 N.C. 460, 168 S.E. 496, 497; Cobb v. Gulf Refg. Co., 284 Ky. 523, 145 S.W.2d 96, 97.

The judgment of the trial court which overruled the plea of privilege is reversed and the cause is remanded, with instructions to transfer same to Dallas County, Texas.