**Donald L. DONEGAN,**
**Plaintiff–Appellant,**

v.

**BEECH BEND RACEWAY PARK,**
**INC., Defendant–Appellee.**

No. 89–5527.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 8, 1989.

Decided Jan. 24, 1990.

---

Scott C. Marks (argued), Bowling Green, Ky., for plaintiff-appellant.

John David Cole and Elizabeth Y. Downing, Cole, Broderick, Minton, Moore & Thornton, Bowling Green, Ky., for defendant-appellee.

Before KEITH and KENNEDY, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

The appellant, Donegan, was injured during a stock car race at a track owned by the appellee, Beech Bend Raceway Park, Inc., when his car slipped on a patch of water and struck a concrete post off the track. He sued on theories of gross, wanton, and willful negligence. The district court in this diversity case granted Beech Bend's motion for summary judgment, holding that Donegan had effectively released the track from liability prior to the race. Because we find that Donegan waived his right to sue for gross negligence and that the record does not support

a claim for wanton or willful negligence, we affirm the district court.

## I

Donegan, a resident of Tennessee, participated in a stock car race held at the Beech Bend Raceway Park in Warren County, Kentucky. Before the race, Donegan signed two release forms which affirmed that he would personally inspect the track before racing, and that he released the owners from all liability for injuries he might suffer there. An amateur stock car driver, Donegan had raced at Beech Bend many times before and had signed such release forms.

It had rained earlier in the day, but a maintenance crew had dried at least part of the track. During the last race of the night, however, Donegan alleges his car hit a pool of water on the track and skidded into the infield, where it struck a concrete post a couple of feet off the track, the remnant of a light stanchion which had been removed.

Donegan was injured, and sued the track for negligence. He later amended his complaint to allege "willful, wanton, wrongful, reckless, illegal, intentional and/or gross" negligence. He seeks $1.385 million in compensatory and punitive damages.

The district court granted Beech Bend's motion for summary judgment, holding that the executed release effectively barred Donegan's claim. Donegan appeals, contending that the release does not bar a suit for gross, willful, or wanton negligence, and that the court ignored issues of material fact.

## II

Kentucky law discourages agreements to release another from liability for personal injury caused by negligence. *See Meiman v. Rehabilitation Center, Inc.*, 444 S.W.2d 78, 80 (Ky.1969). Such releases must be interpreted narrowly, and against the protected party. *Cobb v. Gulf Refining Co.*, 284 Ky. 523, 527–28, 145 S.W.2d 96, 99 (1940).

However, an exception to this general rule has been carved for racetracks. In *Dunn v. Paducah Int'l Raceway*, 599 F.Supp. 612, 613 (W.D.Ky.1984), the district court, applying Kentucky law, held that a release signed by a contestant in an auto race barred his claim for negligence, and granted summary judgment for the track owners. The court emphasized that the races affected only private interests, that participation was voluntary, that the parties possessed equal bargaining power, and that the races could not continue without such protection from liability. *Id.*

Donegan argues that a general release does not bar a claim for gross, wanton, or willful negligence, and invokes the treatise writers for reinforcement. *See, e.g.*, Prosser, *Law of Torts* § 68 (4th ed. 1984) ("In general, and on the basis of ... public policy to discourage aggravated wrongs, such agreements are not construed to cover the more extreme forms of negligence, which are described as willful, wanton, reckless or gross...."). Donegan makes several points of law in his argument, and we discuss them in turn.

Like many states, Kentucky distinguishes ordinary from gross negligence, the former meaning the absence of ordinary care, *Lowe v. Commonwealth*, 298 Ky. 7, 11, 181 S.W.2d 409, 412 (1944), and the latter meaning the absence of slight care. *McTavish v. Chesapeake & O.R.R.*, 485 F.2d 510, 512 (6th Cir.1973). Kentucky defines willful or wanton negligence as "the entire absence of care for the life, person or property of others." *Louisville & N.R.R. v. George*, 279 Ky. 24, 29, 129 S.W.2d 986, 988–89 (1939). Here there is an element of conscious disregard of the rights or safety of others, which deserves extra punishment in tort. *Id.*, 129 S.W.2d at 989.

Under Kentucky law, one party to a contract may agree to release the other from liability for ordinary or gross negligence. *Greenwich Ins. Co. v. Louisville & N.R.R.*, 112 Ky. 598, 66 S.W. 411 (1902). In *Greenwich*, the defendant railroad granted permission to build on its right of way, with the condition that it not be held liable

208

for loss by fire caused by its locomotives. A spark from a passing train set fire to the building, and the owner's insurance company sued the railroad, charging gross negligence. The court upheld the release, saying, "For mere carelessness, however gross, short of wantonness or willfulness, [the defendant] will not be liable." *Id.* at 603, 66 S.W. at 412.

 Thus, Kentucky law seems to create a distinction between willful and wanton negligence, for which one cannot release another, and ordinary or gross negligence, for which one can.[1] The waiver forms Donegan signed bar his claim for gross negligence.[2]

Donegan's claim that Beech Bend committed wanton and willful negligence would not be barred by the release forms executed by him. The claim is, however, defeated by the summary judgment record. Donegan had raced at Beech Bend several times before his accident and was familiar with the layout of the track. A maintenance crew had dried at least part of the track before the races began on the night Donegan was injured. Moreover, Beech Bend had removed all other light supports in the infield, needing only proper equipment before it could remove the support Donegan struck as well. Considering the evidence in the light most favorable to Donegan, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970), we cannot say that, within reason, a trier of the fact on this record could find that Beech Bend was guilty of willful or wanton negligence.

We AFFIRM the district court's decision to grant summary judgment for Beech Bend.

---

1. We note that this is not the interpretation of *Greenwich* given by the Kentucky Supreme Court in *Cobb*, 284 Ky. 523, 145 S.W.2d 96. *Cobb* said the *Greenwich* court "had ... little difficulty in finding that the contract was not against public policy, or was void, since the parties to the contract were dealing at arm's length and upon equal footing, *and there was no claim of wanton or gross negligence.*" *Id.* at 529, 145 S.W.2d at 99 (emphasis added). The issue in *Cobb*, however, was whether a claim for *ordinary* negligence could be released by contract. Thus this interpretation of *Greenwich*, to the effect that gross and wanton negligence should be treated alike for present purposes, is

dicta. Moreover, we believe this reading of *Greenwich* is clearly mistaken; *Greenwich* plainly holds that liability can be waived for gross negligence, but cannot be waived for wanton or willful negligence.

2. Donegan offered the affidavit of H. Boulter Kelsey, Jr., an engineer, who opined that Beech Bend was "grossly negligent" in the operation of the track. We need not, however, decide whether this question was a proper one for expert testimony since we determine that, even if there was gross negligence, Donegan had effectively waived his claim.