**DIOCESE OF COVINGTON, Appellant,**

v.

**CHRISTIAN APPALACHIAN
PROJECT, Appellee.**

No. 89–CA–1184–MR.

Court of Appeals of Kentucky.

April 20, 1990.

James B. Todd, Lee Smith, Todd & Smith, Pikeville, for appellant.

J. Peter Cassidy, Jr., Stoll, Keenon & Park, Thomas M. Cooper, Charles C. Adams, Jr., Landrum & Shouse, Lexington, for appellee.

Before GUDGEL, HAYES and REYNOLDS, JJ.

HAYES, Judge.

At issue in this appeal is the construction of a lease provision which required the lessor of certain property to maintain "fire and extended coverage insurance on the property." After the building was destroyed by fire, the insurer brought this action in the lessor's name seeking damages against the tenant whose negligence allegedly caused the fire. The trial court dismissed the complaint holding that under the lease provision, when the landlord assumed the responsibility of insuring the building against fire loss, it contracted to bear all risks attendant to fire loss and no action for negligence would lie against the lessee. We agree and affirm.

Kentucky case law directly on point is rather sparse. A 1902 case, cited by the trial judge, held that a railroad company which granted another permission to construct a building on its right of way on the condition it would not be liable for loss by fire from its locomotives was exempted from damages by reason of a fire caused by its negligence and neither the owner of the building nor its insurance carrier which paid the loss was entitled to recover from the railroad. *Greenwich Ins. Co. v. Louisville & N.R. Co.*, 112 Ky. 598, 66 S.W. 411 (1902) (modified on other grounds 112 Ky. 598, 67 S.W. 16 (1902)). It seems only logical that conversely, a lessor could by contract, assume responsibility for loss by fire thus precluding recovery of damages from its lessee, as was the case in *Rizzuto v. Morris*, 22 Wash.App. 951, 592 P.2d 688 (1979), also cited by the trial court. In denying a similar claim, the Court in *Rizzuto* offered the following rationale:

> In our view, the trend of modern case law is to relieve the lessee from liability for fire damage caused by his own negligence where the circumstances lead the court to conclude the parties intended such a result. (Footnote Omitted.) *See*, Million, *Real and Personal Property*, 33 N.Y.L.Rev. 552, 585 (1958); and *Liability for Loss by Fire Among Insurer, Tenant and Landlord*, 18 Ohio St.L.J. 423 (1957). The decisions articulate several reasons for this position. First, it would be an undue hardship to require a tenant to insure against his own negligence when he is paying, through his rent, for the fire insurance which covers the premises in favor of the lessor. *Rock Springs Realty, Inc. v. Waid*, 392 S.W.2d 270, 278 (Mo.1965). Second, insurance companies expect to pay their insureds for negligently caused fire, and they adjust their rates accordingly. In this context, an insurer should not be allowed to treat a tenant, who is in privi-

ty with the insured landlord, as a negligent third party when it could not collect against its own insured had the insured negligently caused the fire. In effect, the tenant stands in the shoes of the insured landlord for the limited purpose of defeating a subrogation claim. *Rock Springs Realty, Inc. v. Waid, supra* at 278; *Monterey Corp. v. Hart, supra* [216 Va. 843, 224 S.E.2d 142] at 146 [1976]; *United States Fire Ins. Co. v. Phil–Mar Corp.*, 166 Ohio St. 85, 139 N.E.2d 330, 332 (1956).

We view this as a common sense approach which prevents a double recovery for the landlord or a windfall to the insurance company which would escape liability for protection it was paid to provide. Construing the lease as a whole, we are convinced the parties intended that the lessor would assume the risk of fire loss, thus exempting the lessee from liability.

The judgment of the Floyd Circuit Court is proper and is therefore affirmed.

All Concur.