KINDRED NURSING CENTERS LIMITED PARTNERSHIP d/b/a Fountain Circle Health and Rehabilitation; Kindred Nursing Centers East, LLC; Kindred Hospitals Limited Partnership; Kindred Healthcare, Inc.; Kindred Healthcare Operating, Inc.; and Kindred Rehab Services, Inc. d/b/a Peoplefirst Rehabilitation, Appellants

v.

John R. COX, III, as Executor of the Estate of Elizabeth Cox, Deceased, Appellee

NO. 2014–CA–000196–MR

Court of Appeals of Kentucky.

RENDERED: JUNE 5, 2015; 10:00 A.M.

Discretionary Review Denied by Supreme Court April 27, 2016

Briefs for Appellant: Donald L. Miller, II, J. Peter Cassidy, III, Kristin M. Lomond, Louisville, Kentucky

Brief for Appellee: Richard E. Circeo, Robert E. Salyer, Lexington, Kentucky

BEFORE: CLAYTON, JONES, AND VANMETER, JUDGES.

*OPINION*

VANMETER, JUDGE:

Under Kentucky precedent, wrongful death claims are not subject to arbitration. The issue we must resolve in this case is whether the Clark Circuit Court correctly applied that rule of law, or whether recent federal decisions interpreting the Federal Arbitration Act compel arbitration. We

hold the trial court did not err and therefore affirm.

In 2010, John R. Cox, III, on behalf of his mother, Elizabeth Cox, signed an agreement to admit her to Kindred Nursing Centers'[1] facility in Winchester. The agreement included provisions authorizing arbitration of claims. Following Mrs. Cox's death, Cox, as her executor, brought an action asserting a number of claims, including wrongful death. Kindred moved to compel arbitration of all claims. The trial court granted the motion with respect to all claims, except the wrongful death claim, which it ruled was not subject to arbitration under *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581 (Ky.2012). Kindred now appeals.[2]

### I. Standard of Review.

"In reviewing an order denying enforcement of an arbitration agreement, the trial court's legal conclusions are reviewed *de novo* 'to determine if the law was properly applied to the facts[;]' however, factual findings of the trial court 'are reviewed under the clearly erroneous standard and are deemed conclusive if they are supported by substantial evidence.'" *Energy Home, Div. of S. Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 833 (Ky.2013) (quoting *Padgett v. Steinbrecher*, 355 S.W.3d 457, 459 (Ky.App.2011)).

The enforcement and effect of an arbitration agreement is governed by the Kentucky Uniform Arbitration Act (KUAA), KRS 417.045 *et seq.*, and the Federal Arbitration Act (FAA), 9 U.S.C.[3] §§ 1 *et seq.* "Both Acts evince a legislative policy favoring arbitration agreements, or at least shielding them from

disfavor." *Ping*, 376 S.W.3d at 588. But under both Acts, a party seeking to compel arbitration has the initial burden of establishing the existence of a valid agreement to arbitrate. *Id.* at 590. That question is controlled by state law rules of contract formation. *Id.* The FAA does not preempt state contract law principles, including matters concerning the authority of an agent to enter into a contract and which parties may be bound by that contract. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31, 129 S.Ct. 1896, 1902, 173 L.Ed.2d 832 (2009). Since this matter is entirely an issue of law, as noted above, our standard of review is *de novo*. *Conseco Fin. Servicing Corp. v. Wilder*, 47 S.W.3d 335, 340 (Ky.App.2001).

### II. Analysis.

Kindred makes four arguments on appeal. First, that the Supremacy Clause of the United States' Constitution preempts Kentucky's refusal to enforce arbitration against wrongful death beneficiaries. Second, that Kentucky enforces other contracts against non-party wrongful death beneficiaries resulting in disparate treatment for arbitration contracts. Third, Kindred argues the holding in *Ping* necessitates splitting of causes of action which is prohibited under Kentucky common law, KRS 411.133 and the FAA. And fourth, Kindred claims the holding in *Ping* is a departure from long-standing Kentucky wrongful death law and altered the parties' contractual rights.

#### A. Supremacy Clause Preemption.

Kindred's claim with respect to FAA preemption appears to boil down to

---

1. A number of Kindred related entities are parties defendant. For simplicity, we refer to all as "Kindred."

2. An order denying a motion to compel arbitration is immediately appealable. Kentucky Revised Statutes (KRS) 417.220(1).

3. United States Code.

the argument that a state may not single out arbitration agreements for disparate treatment, refusing to enforce them. Indeed, Kindred cites the recent Supreme Court decision, *Marmet Health Care Ctr., Inc. v. Brown,* —— U.S. ——, 132 S.Ct. 1201, 1203, 182 L.Ed.2d 42 (2012) (per curiam), for the proposition that the FAA "includes no exception for personal-injury or wrongful-death claims." A more complete quotation from the Court is the following:

> The FAA provides that a "written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The statute's text includes no exception for personal-injury or wrongful-death claims. It "requires courts to enforce the bargain of the parties to arbitrate." *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 217, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). It "reflects an emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLP v. Cocchi,* 565 U.S. ——, ——, 132 S.Ct. 23, 25, 181 L.Ed.2d 323 (2011) (*per curiam* ) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 631, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); internal quotation marks omitted).

As this Court reaffirmed last Term, "[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA." *AT & T Mobility LLC v. Concepcion,* 563 U.S. 333, ——, 131 S.Ct. 1740, 1747, 179 L.Ed.2d 742 (2011). That rule resolves these cases. West Virginia's prohibition against predispute

agreements to arbitrate personal-injury or wrongful-death claims against nursing homes is a categorical rule prohibiting arbitration of a particular type of claim, and that rule is contrary to the terms and coverage of the FAA. *See ibid. See also, e.g., Preston v. Ferrer,* 552 U.S. 346, 356, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008) (FAA pre-empts state law granting state commissioner exclusive jurisdiction to decide issue the parties agreed to arbitrate); *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 56, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995) (FAA pre-empts state law requiring judicial resolution of claims involving punitive damages); *Perry v. Thomas,* 482 U.S. 483, 491, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987) (FAA pre-empts state-law requirement that litigants be provided a judicial forum for wage disputes); *Southland Corp. v. Keating,* 465 U.S. 1, 10, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984) (FAA pre-empts state financial investment statute's prohibition of arbitration of claims brought under that statute).

*Marmet,* 132 S.Ct. at 1203–04. As noted above, the FAA relies upon state contract principles for a determination as to whether a valid contract has been formed. *See Arthur Andersen,* 556 U.S. at 630–31, 129 S.Ct. at 1902 (holding that "[s]tate law ... is applicable to determine which contracts are binding under § 2 and enforceable under § 3 *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally[ ]")(internal quotation and citation omitted). That is the holding in *Ping:* the contract signed by the decedent, or at least on the decedent's behalf by her attorney-in-fact, did not bind the wrongful death beneficiaries, since their claim was not derivative of whatever claims the decedent may have had for personal injuries. 376 S.W.3d at

599–600. In other words, the wrongful death beneficiaries had not entered into a contract to arbitrate. Kindred cites us to no authority which leads to the conclusion that *Ping* was decided contrary to the FAA's mandate.

B. Disparate Treatment of Arbitration Contracts.

Kindred argues that Kentucky courts have previously enforced contracts against wrongful death beneficiaries without them being parties to the contract at issue. Thus, Kindred claims, the *Ping* decision singles out arbitration agreements in violation of the FAA. The cases cited by Kindred for this proposition are *Donegan v. Beech Bend Raceway Park, Inc.*, 894 F.2d 205 (6th Cir.1990); *Estate of Peters v. United States Cycling Fed'n*, 779 F.Supp. 853 (E.D.Ky.1991); *Cumberland Valley Contractors, Inc. v. Bell Cnty. Coal Corp.*, 238 S.W.3d 644 (Ky.2007); *Cobb v. Gulf Refining Co.*, 284 Ky. 523, 145 S.W.2d 96 (1940); *Greenwich Ins. Co. v. Louisville & Nashville R.R.*, 112 Ky. 598, 66 S.W. 411 (1902). The three cited Kentucky cases, however, all involve property damages and the enforceability of exculpatory provisions in contracts which released another party from negligence liability. *Donegan* is on a slightly different basis as it involved the enforceability of an exculpatory provision with respect to personal injury. All of these cases, however, are clearly distinguishable from the instant case and do not involve wrongful death.

■ *Peters* seems to be on slightly different footing than the others in that the facts involved a liability release signed by a race participant prior to an accident resulting in his death. That said, we note that Judge Bertelsman relied on the aforementioned cases cited by Kindred to this court, and *Peters* was decided twenty years prior to, and thus without the benefit of *Ping*. We hardly need citation to note that a federal court's determination of state law in a diversity case is not binding on a state court. *Embs v. Pepsi–Cola Bottling Co. of Lexington, Ky., Inc.*, 528 S.W.2d 703, 705 (Ky.1975). We further note, as explained in *Coughlin v. T.M.H. Int'l Attractions, Inc.*, 895 F.Supp. 159, 161 (W.D.Ky.1995), *Donegan*, *Peters*, and a third case, *Dunn v. Paducah Int'l Raceway*, 599 F.Supp. 612 (W.D.Ky.1984), all involved federal courts' interpretation of Kentucky public policy which disfavors and frequently bars enforcement of exculpatory agreements, and these courts' creation of a narrow branch of exception for cases involving automobile and bicycle racing. *Peters*, therefore, does not support the result Kindred argues.

In *Ping*, the Kentucky Supreme Court determined that wrongful death claims are distinct from ordinary negligence claims (under KRS § 411.140) because they are not derivative and accrue separately to the wrongful death beneficiaries as a way to compensate them for their own pecuniary loss. Therefore, previous decisions interpreting claims of ordinary negligence are not controlling in the wrongful death context. We can safely assume that if any Kentucky case directly supported Kindred's argument that Kentucky courts have previously enforced contracts against wrongful death beneficiaries without them being parties to the contract at issue, Kindred would have cited it. We conclude therefore that the *Ping* decision does not unfairly single out arbitration agreements in violation of the FAA.

C. Splitting of Causes of Action and *Ping*'s Departure from Longstanding Wrongful Death Law.

We have grouped Kindred's final two arguments into one section since they directly question the decision in *Ping:* a) the holding in *Ping* necessitates splitting of

causes of action which is prohibited under Kentucky common law, KRS 411.133 and the FAA, and b) the holding in *Ping* is a departure from long-standing Kentucky wrongful death law and altered the parties contractual rights. As to these arguments, suffice to say, we are "bound by and shall follow applicable precedents established in the opinions of the [Kentucky] Supreme Court[.]" SCR 1.030(8)(a). Thus, the *Ping* decision disposes of these arguments.

### III. Conclusion.

The Clark Circuit Court's order denying arbitration of Cox's wrongful death claim is affirmed.

ALL CONCUR.